## STATE v. DAVE CHILDERS.

No. A-3527.   Opinion Filed Sept. 3, 1920.

(191 Pac. 1043.)

(Syllabus.)

.APPEAL AND ERROR—Requisites for Appeal—Notice or Summons in Error. Before this court can acquire jurisdiction of an appeal, either the notices required by section 5992, Rev. Laws 1910, must be served in the manner and upon the persons therein designated, or else a summons in error must be issued and served, or its issuance and service waived, as provided in the Code of Civil Procedure. Where neither of these methods is complied with, this court does not acquire jurisdiction of the appeal, and the same will be dimissed.

*Appeal from District Court, Love County;*
*Thomas W. Champion, Judge.*

Dave Childers was charged by information with the crime of perjury. From a judgment setting aside the information, the State takes a pretended appeal. Pretended appeal dismissed.

*T. B. Wilkins,* Co. Atty., for the State.

*Graham & Logsdon,* for defendant in error. ·

PER CURIAM. This is a pretended appeal by the state from a judgment for the defendant quashing and setting aside a certain information filed in the district court of Love county, Okla., in which the said defendant, Dave Childers, was charged with the crime of perjury, alleged to have been committed before a certain court of inquiry held in said county.

Section 5990, Revised Laws 1910, permits appeals to be taken by the state from judgments for the defendant,

quashing or setting aside an indictment or information.
Section 5992, *Id.*, is as follows:

"An appeal is taken by the service of a notice upon the
clerk of the court where the judgment was entered, stating
that the appellant appeals from the judgment. If taken by
the defendant, a similar notice must be served upon the
prosecuting attorney. If taken by the state, a similar
notice must be served upon the defendant, if he can be
found in the county; if not there, by posting up a notice
three weeks in the office of the clerk of the district court."

Section 5997, *Id.*, provides:

"Instead of the appeal hereinbefore provided for any
party desiring to appeal to the Criminal Court of Appeals
in any criminal case may proceed by case-made and peti-
tion in error in all respects and with all the rights, as pro-
vided in 'Procedure, Civil,' and the summons in error shall
be served upon the Attorney General, unless the same is
waived as in other cases. Instead of the case-made plain-
tiff in error may attach to his petition in error a tran-
script of the proceedings of record in the trial court."

Section 5238, *Id.*, Procedure Civil, provides:

"The proceedings to obtain such reversal, vacation or
modification shall be by petition in error, filed in the Su-
preme Court, setting forth the errors complained of; and
thereupon a summons shall issue and be served, or pub-
lication made, as in the commencement of an action. A
service on the attorney of record, in the original case, shall
be sufficient. The summons shall notify the adverse party
that a petition in error has been filed in a certain case,
naming it, and shall be made returnable on or before the
first day of the term of the court, if issued in vacation, ten
days before the commencement of the term. If issued in
term time, or within ten days of the first day of the term,
it shall be returnable on a day therein named. If the last
publication or service of the summons shall be made ten

days before the end of term, the case shall stand for hearing at that time."

Section 5239, *Id.,* further provides:

"The summons mentioned in the last section shall, upon the written præcipe of the plaintiff in error or his attorney, be issued by the clerk of the court in which the petition is filed, to the sheriff of any county (in which the defendant in error or his attorney of record may be; and if the writ issued to a county) other than that in which the petition is filed, the sheriff thereof may return the same by mail to the clerk, and shall be entitled to the same fees as if same had been returnable to the district court of the county in which such officer resides. The defendant in error, or his attorney, may waive, in writing, the issuing or service of the summons."

Counsel for the state attempted to take this appeal by service of a notice of appeal upon the court clerk of Love county, and also by service of a similar notice upon counsel for the defendant. No notice was served upon the defendant himself, nor is there any proof that the defendant could not be found within the county, and that in his absence a notice was posted for three weeks in the office of the court clerk, as required by section 5992, *supra.*

Further, no attempt was made to perfect this appeal by the service of a summons in error, as provided in Procedure Civil, sections 5238 and 5239, *supra,* nor is there any waiver of the issuance and service of such summons in error by counsel representing defendant.

Where the appeal is taken by the service of notices, as provided in section 5992, the statute must be strictly complied with by the service of a written notice, where the appeal is taken by the state, both upon the clerk of the court where the judgment was entered and a similar notice upon

the defendant, if he can be found within the county, and if the defendant cannot be found within the county, then it is incumbent upon the prosecuting attorney to post a written notice of appeal for three weeks in the office of the court clerk. In this case, the state attempted to take the appeal solely by serving the notices as required by section 5992, *supra,* and failed to either serve notice on the defendant or to show that he could not be found in the county, and thereafter failed to post a notice in the manner above set out. Before this court can acquire jurisdiction of an appeal, either the notices required by section 5992, *supra,* must be served in the manner and upon the persons therein designated, or else a summons in error must be issued and served, or its issuance and service waived, as provided in the Code of Civil Procedure. Neither of these methods was complied with by counsel representing the state. It is apparent, therefore, that this court has never acquired jurisdiction of this appeal, and that the same must be dismissed.

For reasons stated, the pretended appeal is dismissed.