## RILEY BURGESS v. STATE.

No. A-3575—Opinion Filed April 25, 1921.

(197 Pac. 173.)
(Syllabus.)

1. **APPEAL AND ERROR—Procedure—Statutes.** Chapter 219, Sess. Laws 1917, did not repeal sections 5989, 5992, and 5997, Rev. Laws 1910, relating to the manner and methods of taking an appeal in criminal causes and giving notice thereof. Said chapter 219 relates solely to the giving of notice of appeal in civil causes, and has no application to criminal appeals.

2. **SAME—Failure to Perfect Appeal—Dismissal.** Where appellant within the time allowed for taking an appeal, served no notice of appeal upon the clerk of the court or county attorney, as provided by Rev. Laws 1910. § 5992, and no summons in error was issued and served upon the Attorney General, nor any waiver of the issuance and service ever made by him. within section 5997, nor any general appearance entered by him, the Criminal Court of Appeals has no jurisdiction to entertain the appeal on its merits, and will dismiss it.

*Appeal from District Court, Okmulgee County;*

*Mark L. Bozarth, Judge.*

Riley Burgess was convicted of obtaining money under false pretenses, and sentenced to imprisonment in the county jail for thirty days, in addition to a fine of $680, and he appeals. Appeal dismissed.

*B. T. Buchanan* and *D. H. Denman,* for plaintiff in error,

*S. P. Freeling,* Atty, Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

MATSON, J. Plaintiff in error, Riley Burgess, hereinafter referred to as defendant, was convicted in the district court of Okmulgee county of the crime of obtaining money by false pretenses, and punishment assessed as above stated.

He has attempted to appeal to this court from the judgment of conviction rendered against him in said trial court, and the Attorney General has filed a motion to dismiss said appeal, upon the grounds that no written notices of appeal were, within the six-months' period after the rendition of judgment for taking an appeal in felony cases, ever served upon the court clerk or county attorney of Okmulgee county, as provided in section 59, Revised Laws

1910; nor was there any service of a summons in error issued out of this court upon the Attorney General, or a waiver of the issuance and service of same, as provided in section, 5997, Revised Laws 1910.

Section 5988, Revised Laws 1910 (Code of Criminal Procedure), in part provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him."

Section 5989, *Id.*, provides:

"An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this article."

Section 5992, *Id.*, provides:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the State, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

Section 5996, *Id.*, provides:

"In all criminal cases appealable to the Criminal Court of Appeals, the appellant may prepare, and it shall be the duty of the court to provide for the preparation and settling of a case-made in all respects as in civil cases, and the case-made so settled, served and filed in the trial court may be sent to the appellate court in lieu of all other records or bills of exception, or the proceedings in the appellate court may be as provided in the next section."

Section 5997, *Id.*, provides:

"Instead of the appeal hereinbefore provided for any party desiring to appeal to the Criminal Court of Appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights, as provided in 'Procedure Civil,' and the summons in error shall be served upon the Attorney General, unless the same is waived as in other cases. Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

All the foregoing statutory provisions relative to appeals in criminal causes, with the exception of section 5997, were carried into the Criminal Code from the territorial statutes. Section 5997 was a new section inserted by the revisionists in the Code of 1910, adopted by the Legislature, and became a part of said Code in May, 1913.

Prior to the adoption of the Revised Laws 1910, this court, in the case of *Arispi v. Territory*, 2 Okla. Cr. 79, 99 Pac. 1099, held:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him, but the manner of taking and perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by law; and, where the record before this court fails to show notice and proof of service, as required by law, the case will be dismissed."

"An appeal, when taken by the defendant, is perfected by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment, and by the service of a similar notice upon the prosecuting attorney. These notices are the prerequisite steps to conferring upon the appellate court the jurisdiction to hear and determine the appeal."

Further, in *Ensley v. State,* 4 Okla. Cr. 49, 109 Pac. 250, it is held:

"Under section 6949 of Snyder's Comp. Laws [section 5992, Revised Laws 1910] requiring notice of appeal to be served upon the clerk of the court and the prosecuting attorney, actual knowledge on the part of the clerk and the prosecuting attorney, that an appeal is intended does not dispense with the necessity of giving formal notice and making due proof thereof."

"Under section 6949 of Snyder's Comp. Laws, requiring notice of appeal to be served upon the clerk of the court and the prosecuting attorney, a written notice is intended; and oral notice, though given in open court in the presence of those officers, and shown by journal entry, is insufficient."

Subsequent to the adoption of the Revised Laws 1910, this court, in the case of *State v. McDonald,* 10 Okla. Cr. 413, 137 Pac. 362, held:

"(a) Where the notices of appeal required by statute were served upon the county attorney and clerk of the court in which the judgment was rendered, an appeal will not be dismissed because a summons in error was not served or waived.

"(b) Where the notices of appeal required by statute have not been served, this defect may be cured by the service of a summons in error upon the Attorney General, or by securing a waiver thereof."

In the body of the opinion in the latter case, it is held:

"A motion was made to dismiss this appeal because a summons in error had not been issued or waived. This motion is based upon section 5997, Rev. Laws 1910, which reads as follows:

" 'Instead of the appeal hereinbefore provided for any party desiring to appeal the Criminal Court of Appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights, as provided in "Procedure Civil," and the summons in error shall be served upon the Attorney General unless the same is waived as in other cases. Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court.'

"This section should be construed in connection with section 5992, Rev. Laws 1910, which reads as follows:

" 'An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court.'

"We are of the opinion that section 5997 is an enlargement upon, and is not an abridgment of the right of appeal; that is to say, if a notice of appeal has not been served upon the county attorney and upon the clerk of the court where the judgment was entered, that an appeal should not be dismissed for want of such notice if a summons in error is issued as provided for in section 5997. In this case proper notices of appeal were served. It was therefore not necessary to issue or waive summons in error. The motion to dismiss the appeal is therefore overruled."

The foregoing statutory provision, and authorities of this court construing the same, constituted the law on the subject of notices of appeal in criminal causes at the time of the enactment of chapter 219, Session Laws Oklahoma 1917, effective May 23, 1917, entitled:

"An act regulating appeals to the Supreme Court of the State of Oklahoma, abolishing summons in error, providing on whom the case made shall be served, and the necessary parties to the petition in error, repealing sections 5238 and 5239, Revised Laws of 1910, enacting a section in place thereof, and declaring an emergency."

Said latter act specifically repealed section 5238, Revised Laws 1910, and substituted the following in place thereof:

"Section 5238. The proceedings to obtain such reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of; but no summons in error shall be required, and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Supreme Court. If said judgment shall be rendered within less than ten days of the expiration of any term of the court from which an appeal is to be taken such notice may be given within ten days after the rendition of such judgment, and such notice of an intention to appeal shall be entered by the clerk of the court on the trial docket of said court. Upon the giving of such notice and entering the same on trial docket, all parties of record in the court from which such appeal is to be taken shall become parties to the appeal in the Supreme Court, and no further notice shall be required to be served upon them of such appeal, and no appeal shall be dismissed by the appellate courts of this state because any party in the court below is not made party to the appeal but such notice above provided and showing intention to appeal shall automatically make all parties of record in lower court parties in the appellant court.

"It shall not be necessary for the party appealing to serve the case-made for such appeal on any party to the

action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or who shall have filed a disclaimer in the trial court; nor shall it be necessary to make any such person a party to the petition in error: Provided, that any party so omitted from the proceedings in error, who was a party to the action in the trial court, may be made a party plaintiff or defendant in the action in the Supreme Court upon such terms as the court may direct, upon its appearing that he might be affected by the reversal of the judgment or order from which the appeal was taken, with the right to be heard therein the same as other parties."

By section 2 of said chapter 219, section 5239, Revised Laws 1910, was specifically repealed, with the addendum in said section 2, "and all laws in conflict herewith are hereby repealed."

Counsel for defendant have filed a response to the motion of the Attorney General to dismiss this appeal, and rely upon an oral notice of appeal given in the trial court at the time judgment was rendered.

If chapter 219, Laws 1917, *supra*, can be construed to be applicable to appeals in criminal causes, the oral notice given by defendant in this case would be sufficient. On the contrary, if said chapter is not so applicable, defendant having given no other notice of appeal, this court is without jurisdiction to consider this appeal, and the same must necessarily be dismissed.

By chapter 219, Session Laws 1917, *supra*, the Legislature was dealing specifically with appeals to the Supreme Court of this state in civil cases. There is nothing either in the title to said act nor in the body thereof that indicates an intention that said act shall operate in any way

to affect the methods of appeal as theretofore existing in criminal cases. Only by implication can it be held that the Legislature intended, by the enactment of chapter 219, Laws 1917, to substitute an oral notice in the trial court for the written notices on the clerk and county attorney, specifically provided in section 5992, Revised Laws 1910, Criminal Procedure, and for the summons in error provided in section 5997, Revised Laws 1910, Criminal Procedure. If the Legislature, by chapter 219, Laws 1917, having abolished summons in error in civil cases, thereby left that provision of section 5997, *supra,* Criminal Code, that "the summons in error shall be served upon the Attorney General, unless the same is waived as in other cases," wholly inoperative, it thereby deprived a defendant in a criminal case of one of the methods of giving notice of appeal that existed prior to the enactment of said chapter, and the effect of such a holding would be that said chapter, by implication, repealed section 5997, Revised Laws 1910, as to such notice. We do not believe this was the legislative intent. It is a well-established rule of statutory construction that repeals by implication are not favored.

Section 5997, *supra,* specifically provides that a party desiring to appeal to the Criminal Court of Appeals may serve a summons in error upon the Attorney General, unless the same is waived as in other cases. We believe this provision, with the aid of other statutes relative to the issuance and service of a summons, may be left operative, although section 5239, Civil Code, is repealed. The fact that summons in error was abolished in civil causes merely, in the face of this plain provision in section 5997, certainly did not have the effect by implication to abolish the office and purpose of a summons in error in criminal cases, as the same had existed for the period of nearly four years

prior to the enactment of chapter 219, Laws 1917, without any reference in chapter 219, or in the title to said act, to appeals to the Criminal Court of Appeals, or to any provision of the Code of Criminal Procedure, and this, too, although section 5989 specifically provides—

"An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this article" (referring to article 15, c. 62, Revised Laws 1910, the article on appeals in criminal cases).

If said chapter 219 is so conflicting with the provisions of section 5997, Revised Laws 1910, as to abolish the service of summons in error on the Attorney General, it is equally as conflicting with the provisions of section 5992 as to the giving of notice of appeal to the court clerk and the county attorney. If it repeals by implication section 5997, it necessarily must by implication repeal section 5992, and both of said sections must fall, and a party desiring to appeal from a criminal judgment is relegated solely to the giving of the notice required by chapter 219, Laws 1917. If such were the holding of this court, 95 per cent. of the appeals now pending in this court would necessarily have to be dismissed, because in that percentage of cases only the notices required by section 5992 have been given.

In the case of *Mann v. State,* 17 Okla. Cr. 703, 186 Pac. 1098, where the appeal was taken subsequent to the taking effect of chapter 219, Laws 1917, it is held:

"Where appellant within the time allowed for taking the appeal served no notice of appeal upon the clerk of court or county attorney, as provided by Rev. Laws 1910, § 5992, and no summons in error was issued and served upon the Attorney General, nor any waiver of issuance and

service ever made by him within section 5997, or any general appearance entered by him, the Criminal Court of Appeals has no jurisdiction to entertain the appeal on its merits, and will dismiss it."

To the same effect are the following cases: *Robinson v. State,* 17 Okla. Cr. 717, 189 Pac. 763; *State v. Childers,* 17 Okla. Cr. 627, 191 Pac. 1043; *Sarten v. State,* 18 Okla. Cr. 107, 193 Pac. 743.

We conclude, therefore, that it was not the legislative intent, nor did chapter 219, Session Laws 1917, repeal by implication merely the specific provisions of the Criminal Code of this state, to wit: Sections 5989, 5992, and 5997, Revised Laws 1910, relating to the manner and methods of taking an appeal in criminal causes to the Criminal Court of Appeals of this state, and of giving notice thereof.

For the reasons stated the motion of the Attorney General to dismiss this appeal is sustained, and the appeal is hereby dismissed.

DOYLE, P. J., and BESSEY. J., concur.