## VIRGIL KITTRELL v. STATE.

No. A-3643.   Opinion Filed May 21, 1921.
(197 Pac. 1022.)

(Syllabus.)

**Appeal and Error—Time of Appeal—Dismissal.** All steps necessary to confer jurisdiction of an appeal in a felony case must be taken within six months after the rendition of the judgment in the trial

court. If the appeal is not properly perfected within the six-months: period, this court does not acquire jurisdiction of the same, and the attempted appeal must necessarily be dismissed.

Appeal from District Court, Grady County; Will Linn, Judge.

Virgil Kittrell was convicted of the crime of murder, and sentenced to be imprisoned for life, and he appeals. Appeal dismissed.

Pruiett, Sniggs, Patterson & Morris, for plaintiff in error.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. Plaintiff in error, Virgil Kittrell, hereinafter referred to as defendant, was convicted in the district court of Grady county of the crime of having murdered, in said county on the 29th day of September, 1918, one Sam Scott, and punishment fixed at imprisonment in the state penitentiary for life.

Defendant has attempted to appeal to this court from the judgment of conviction rendered against him in the trial court by filing in this court, on the 15th day of October, 1919, a case-made with petition in error attached. However, an examination of the record discloses that defendant, within the six months period after the rendition of judgment, served no written notices of appeal upon the court clerk or county attorney of Grady county, as provided in section 5992, Revised Laws 1910; nor did he, within said six months period, have any summons in error issued out of this court upon the Attorney General, or procure a waiver of the issuance and service of same by said officer, as provided in section 5997, Revised Laws 1910.

The record discloses that counsel for defendant gave oral notice of appeal in open court at the time of the rendition of

judgment. Such notice is not sufficient to confer jurisdiction upon this court. Burgess v. State, No. A-3575, 18 Okla. Cr. 574, 197 Pac. 173, and cases there cited.

There is also contained in the files what purports to be a waiver of the issuance and service of summons in error and the entering of an appearance in this cause by the Attorney General, which was filed October 26, 1920, one year and eleven days after the case-made and petition in error were filed and eighteen months after the rendition of judgment in the trial court.

All steps necessary to confer jurisdiction of the appeal on this court must be taken in a felony case within six months after the rendition of judgment in the trial court. If the appeal is not properly perfected within the six months period, this court does not acquire jurisdiction of the same, and the attempted appeal must necessarily be dismissed.

No proof of the appeal having been properly perfected in this cause within the six months period after the rendition of judgment, and the Attorney General being without authority to confer jurisdiction upon the court by entering an appearance after said six months period had expired, the appeal is dismissed, and the cause remanded to the trial court with instructions to carry into effect its judgment.

DOYLE, P. J., and BESSEY, J., concur.