## ED BLUNT v. STATE.

No. A-3583.   Opinion Filed Oct. 31, 1921.

(201 Pac. 392.)

Appeal from District Court, Oklahoma County; Frank Mathews, Special Judge.

Ed Blunt was convicted of manslaughter in the first degree, and he appeals. Appeal dismissed.

Pruiett, Sniggs, Patterson & Morris, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM.   This is an attempted appeal from a judgment of conviction rendered in the district court of Oklahoma county against the defendant, Ed Blunt, for the crime of manslaughter in the first degree; the punishment assessed at imprisonment in the state penitentiary for a term of 10 years.

The Attorney General has filed a motion to dismiss the appeal on the ground that no notices of appeal were served on the county attorney or court clerk, and no summons in error was issued and served upon Attorney General, or the same waived. Responding to said motion, counsel for defendant rely solely upon notice given in open court, as provided in chapter 219, Session Laws 1917, as sufficient to give this court jurisdiction of the appeal.

In the case of Burgess v. State, 18 Okla. Cr. 574, 197 Pac. 173, this court held:

"Chapter 219, Sess. Laws 1917, did not repeal sections 5989, 5992, and 5997, Rev. Laws 1910, relating to the manner and methods of taking an appeal in criminal causes and giving notice thereof. Said chapter 219 relates solely to the giving of notice of appeal in civil causes, and has no application to criminal appeals.

"Where appellant, within the time allowed for taking an appeal, served no notice of appeal upon the clerk of the court or county attorney, as provided by Rev. Laws 1910, § 5992, and no summons in error was issued and served upon the Attorney General, nor any waiver of the issuance and service ever made by him, within section 5997, or any general appearance entered by him, the Criminal Court of Appeals has no jurisdiction to entertain the appeal on its merits, and will dismiss it."

The sufficiency of an oral notice to confer jurisdiction of an appeal in a criminal cause was directly passed upon in the Burgess Case, and decided adversely to contentions of defendant's counsel in this case. We see no reason at this time to depart from the holding in the Burgess Case. The same is adhered to, and for reasons stated in that opinion this appeal is dismissed.