STATE v. M. W. HUDSON.
No. A-3802.    Opinion Filed April 19, 1922.
(204 Pac. 133.)

Appeal from District Court, Payne County; Arthur R. Swank, Judge.

M. W. Hudson was charged by information with the crime of perjury. From a judgment setting aside the information, the state takes a pretended appeal. Appeal dismissed.

John P. Hickam, for defendant in error.

PER CURIAM. This is a pretended appeal by the state from a judgment for defendant quashing and setting aside a certain information filed in the county court of Payne county, Okla., in which the said defendant, M. W. Hudson, was charged with the crime of perjury, alleged to have been com-

mitted in a certain civil action for damages in said court between M. W. Hudson et al., plaintiffs, and the Commonwealth Cotton Oil Company, defendant.

Counsel for the state attempted to take this appeal by service of a notice of appeal upon the court clerk of Payne county and also by service of a similar notice upon counsel for defendant. No notice was served upon defendant himself, nor is there any proof that defendant could not be found within the county and that in his absence a notice was posted for three weeks in the office of the court clerk as provided by section 5992, Revised Laws 1910. There was no attempt to perfect this appeal by the service of any summons in error, nor is there any waiver of the issuance and service of any summons in error by counsel representing the defendant.

Where the appeal is taken by the service of notices as provided in section 5992, the statute must be strictly complied with by the service of a written notice, where the appeal is taken by the state, both upon the clerk of the court where the judgment was entered and a similar notice upon the defendant, if he can be found within the county, and if the defendant cannot be found within the county, then it is incumbent upon the county attorney to post a written notice for three weeks in the office of the court clerk. In this case the state attempted to take the appeal solely by serving the notices required by section 5992, and failed to either serve a notice on the defendant or to show that he could not be found in the county, and thereafter failed to post a notice in the manner above set out. Before this court can acquire jurisdiction of an appeal, either the notices required by section 5992 must be served in the manner and upon the persons therein designated, or else a summons in error must be issued and served, or its issuance and service waived as provided in the Code of Civil Procedure. Neither of these methods was

complied with by counsel for the state. It is apparent, therefore, that this court has never acquired jurisdiction of the appeal, and the same must be dismissed. State v. Childers, 17 Okla. Cr. 627, 191 Pac. 1043.

For reasons stated, the pretended appeal is dismissed.