## STATE v. JESSE FRANKS.

No. A-3876. Opinion Filed April 22, 1922.
(206 Pac. 258.)

(Syllabus.)

**Escape—Information Charging Defendant with Harboring Felons Seeking to Escape—Sufficiency.** For information held sufficient to charge the felony defined by section 2204, Rev. Laws 1910, see body of opinion.

Appeal from District Court, Haskell County; E. F. Lester, Judge.

Jesse Franks was charged with the crime of harboring fugitives from justice, and, from judgment sustaining de-

murrer to the information, the State appeals. Reversed and remanded, with instructions.

This is an appeal by the state from a judgment of the district court of Haskell county sustaining a demurrer to the information.

On the 20th day of September, 1920, the county attorney of Haskell county, Okla., filed an information in the district court against the above-named defendant in error (who will be hereinafter referred to as the defendant), which information, omitting caption and formal parts, was as follows, to-wit:

"Now comes Duke Frederick, the duly qualified and acting county attorney in and for Haskell county, state of Oklahoma, and gives the district court of Haskell county and state of Oklahoma to know and be informed that Jesse Franks did in Haskell county, state of Oklahoma, on or about the 13th day of June, in the year of our Lord one thousand nine hundred and twenty, and anterior to the presentment hereof, commit the crime of harboring criminals and fugitives from justice, in the manner and form as follows, to wit:

"That on the 30th day of May, in the year of our Lord one thousand nine hundred and twenty, one Cole Shumake and one Walter Childers at and within Haskell county, Okla., did then and there unlawfully, willfully, wrongfully, violently and feloniously, and acting conjointly, and by the use of force and by putting in fear one Norris Cooper, without the consent and against the will of the said Norris Cooper, seize and take from the immediate possession of the said Norris Cooper, and from his person, $33, good and lawful money of the United States of America, the personal property of the said Norris Cooper, with the unlawful, willful and felonious intent then and there on the part of the said Cole Shumake and Walter Childers to take, steal and carry away said money and to deprive the owner thereof, and the said Cole Shumake and Walter Childers being then and there guilty of the crime of robbery as aforesaid and being then and there fugitives from justice seeking to avoid arrest for the crime by them

committed as aforesaid and having theretofore escaped from the county jail of Le Flore county, Okla., at Poteau, Okla., and being then and there outlaws, and that thereafterwards, to wit, on or about the said 13th day of June, in the year of our Lord one thousand nine hundred and twenty, the said Jesse Franks in said county and state then and there being, then and there well knowing the said Cole Shumake and Walter Childers had committed said crime of robbery as aforesaid and well knowing that they were fugitives from justice seeking to avoid arrest for said crime by them committed and well knowing that they had escaped from jail at Poteau, Oklahoma, and were outlaws, did then and there unlawfully, willfully, wrongfully, knowingly and feloniously feed, lodge, equip, harbor, aid and conceal the said Cole Shumake and the said Walter Childers in his home, that is to say, did then and there knowingly, voluntarily, willfully, wrongfully and feloniously admit and take the said Cole Shumake and Walter Childers into his home and give and furnish to them food and lodging and did then and there give and furnish to said Cole Shumake and Walter Childers a certain 38-caliber Winchester rifle and did then and there stealthily and surreptitiously admit them into his home and conceal them therein, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.''

On the 11th day of October, 1920, the defendant filed in open court a demurrer to said information upon the following grounds, to wit:

''* * * (1) Because said information does not substantially conform to the Code of Criminal Procedure of the State of Oklahoma.

''(2) That the information herein does not state facts sufficient to constitute a public offense.

''(3) That said information attempts to charge more than one offense in the same count.

''(4) That said information is so indefinite and uncertain that the defendant is unable to ascertain whether he is charged with a felony or misdemeanor.''

Said demurrer coming on to be heard on the 11th day of October, 1920, the court rendered a judgment sustaining said demurrer. Said judgment, omitting caption, is in the following words and figures, to wit:

"Now, on this 11th day of October, 1920, the same being one of the judicial days of the special October, 1920, term of the district court in and for Haskell county, Okla., the defendant being present in open court in person and by his attorney, Fred H. Fannin, and the state being represented by Duke Frederick, the duly qualified and acting county attorney in and for said Haskell county, the defendant files in open court his demurrer to the information heretofore filed herein by the county attorney, and the court, after hearing said demurrer and the arguments of counsel thereon, and being well and sufficiently advised in the premises, doth sustain said demurrer, to which action of the court in sustaining defendant's demurrer the county attorney excepts. The court directs the county attorney to file a new information herein, and the county attorney, reserving his exception, elects to stand on the information as filed and appeals from the order of the court in sustaining defendant's demurrer."

Thereafterwards, to wit, on the 8th day of November, 1920, plaintiff in error filed in this court a petition in error with transcript of the record thereto attached, and on the 29th day of November, 1920, filed herein a waiver of issuance and service of summons in error signed by the attorney of record for defendant in error, all within the time allowed by law.

Duke Frederick, Co. Atty., for the State.

Fred H. Fannin, for defendant in error.

MATSON, J. (after stating the facts as above). Error is assigned as follows:

The court erred in sustaining the demurrer to the information and in rendering judgment thereon in favor of the defendant.

The state contends that the information herein is sufficient to charge the crime of harboring criminals as defined by our Criminal Code, and that it (1) substantially conforms to the Code of Criminal Procedure of the State of Oklahoma; (2) that it states facts sufficient to constitute a public offense; (3) that it does not attempt to charge more than one offense in the same count; and (4) that it is neither so indefinite nor uncertain that the defendant is unable to ascertain whether he is charged with a felony or a misdemeanor.

Defendant urges that said information attempts to charge more than one offense in the same count and is so indefinite and uncertain that the defendant is unable to ascertain whether he is charged with a felony or misdemeanor.

The information is based on section 2204, Revised Laws Oklahoma 1910, which is as follows:

"2204. Harboring Criminals and Fugitives—Penalty. Any person who shall knowingly feed, lodge, clothe, arm, equip in whole or in part, harbor, aid, assist or conceal in any manner any person guilty of any felony, or outlaw, or fugitive from justice, or any person seeking to escape arrest for any felony committed within this state or any other state or territory, shall be punished by imprisonment at hard labor in the penitentiary for a period of not exceeding ten years."

The principal objection to the foregoing information is that of duplicity. From a reading of the brief filed in behalf of the defendant in error we glean that the trial court sustained the demurrer to the information because the said information charged both the felony defined by section 2204, supra, and the misdemeanor as defined by section 2203, Revised Laws 1910.

The latter section reads as follows:

"Any person who willfully and knowingly conceals any prisoner, who having been confined in prison upon a charge or conviction of misdemeanor, has escaped therefrom, is guilty of a misdemeanor."

"Mere surplusage will not vitiate an indictment which contains sufficient matter to charge a crime. An unnecessary averment may be considered surplusage and rejected, as may a defective but immaterial averment, and a fact stated may be rejected as surplusage if it be merely in aggravation, so that it may be stricken out and yet leave the offense fully described. An indictment for a misdemeanor is good which alleges the facts which constitute the misdemeanor, notwithstanding it also alleges some but not all of the facts which would show that the criminal act was a felony, and duplicity which amounts only to surplusage is not fatal." 14 R. C. L. p. 191, § 37.

In order to render an indictment or information duplicitous, more than one offense must be charged in a single count, and a second or superfluous offense must be sufficiently averred; otherwise its description can be rejected as surplusage. Wharton, Criminal Procedure (10th Ed.) § 292; Baysinger v. Territory, 15 Okla. 386, 82 Pac. 728.

It is apparent from a reading of the foregoing information that there are not sufficient averments to charge the misdemeanor defined by section 2203, supra. The information merely charges that the parties harbored by the accused had "theretofore escaped from the county jail of Le Flore county, Okla." There is no allegation that the said parties were confined in said jail either on a charge or on a conviction of a misdemeanor as required by section 2203, or that they escaped from said jail by means of force or fraud such as to render them guilty of a felony such as defined by section 2199, Revised Laws 1910; nor is there any allegation in the information that the accused assisted these parties to escape from any prison in this state. The allegation, therefore, that they had escaped from the county jail of Le Flore county, forms no material part of the crime charged; nor does it have the effect of charging a separate and second crime with sufficient definiteness and certainty to constitute the informa-

tion duplicitous. Such allegation may therefore be rejected as surplusage, and if the information in other respects sufficiently charges the felony defined by section 2204, supra, it was error to sustain the demurrer thereto.

We think the information is clearly sufficient to charge a felony defined by section 2204. The information, after charging the commission of a robbery by Cole Shumake and Walter Childers and that they were guilty thereof and that defendant well knowing their guilt, then charges that the defendant unlawfully, willfully, knowingly, and feloniously fed, lodged, armed, equipped, aided, and concealed the said Cole Shumake and the said Walter Childers in his home, and then follows further the specific allegations and averments of particular acts done by the defendant in that respect, to wit:

"* * * That is to say, did then and there knowingly, voluntarily, willfully, wrongfully, and feloniously admit and take the said Cole Shumake and Walter Childers into his home and give and furnish to them food and lodging and did then and there give and furnish to said Cole Shumake and Walter Childers a certain 38-caliber Winchester rifle and did then and there stealthily and surreptitiously admit them into his home and conceal them therein, contrary, etc."

The information is not open to the objection set out, in the opinion of this court, in Cole v. State, 15 Okla. Cr. 361, 177 Pac. 129, because the information is definite and specifically informs the defendant of the acts alleged to have been done by him in harboring, aiding, assisting, arming, equipping, lodging, feeding, and concealing said alleged felons. There is no merit in the contention that the information is so indefinite and uncertain that the defendant is unable to ascertain whether he is charged with a felony or misdemeanor. It could be indefinite and uncertain only because of its duplicity, and, holding as we do that the information is not duplicitous, the objection to its indefiniteness and uncertainty falls also.

We hold therefore that the information sufficiently charges a felony as defined by section 2204, Revised Laws 1910, that the trial court erred in sustaining the demurrer to the information. The judgment of the trial court in sustaining the demurrer to the information is reversed, and the cause is remanded, with directions to the trial court to set aside the order sustaining the demurrer to the information and to enter an order overruling the demurrer to the information and for further proceedings in accordance with law.

DOYLE, P. J., and BESSEY, J., concur.