JOHN O. BAGGETT v. STATE.

No. A-5606.   Opinion Filed June 2, 1926.
Rehearing Denied Sept. 18, 1926.
(248 Pac. 875.)

Welch & Welch, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was convicted of statutory rape, alleged to have been committed in Push-

mataha county May 14, 1924, by accomplishing an act of sexual intercourse with Rubby Lee Orr, a female person under the age of 16 years, to wit, 15 years, and not his wife. The jury requested the court to assess the punishment. Motion for new trial was duly filed and overruled, and by the judgment of the court he was sentenced to imprisonment in the state penitentiary for a term of three years.

The following statement of the material facts will answer the purpose of our consideration of this appeal. It appears that the families of defendant and the prosecutrix had lived many years as neighbors in or near Tuskahoma; that on May 14th, about 3 p. m., defendant, meeting prosecutrix on the street, invited her to ride with him. She accepted, and he drove by the post office, where she mailed a letter. Then he drove out in the country.

Defendant appears to be of age.

Prosecutrix testified that after going a few miles he attempted to kiss her, and she objected and told him to drive her home. He turned into a byroad, stopped the car, and made an attack upon her; she stepped out on the running board; he grabbed her by the arm, threw her down, and in spite of her struggles and resistance had intercourse with her; then he told her to get back in the car, and he drove to her home, where she immediately made complaint to her sister and mother; that there were bruises on her legs, on her arms, and her underclothes were torn.

Two doctors were called, and medical examination was had within an hour after she returned home. Dr. Huckabay testified that he found her very nervous; that she had abrasions, bruises, and scratches on her limbs and lacerations of her private parts.

The officer who arrested defendant that afternoon

testified that defendant made a statement to him, which statement it appears coincides with the testimony given by the prosecutrix, except as to her resistance.

To the same effect is the testimony of the under-sheriff as to voluntary statements made by defendant that evening in the county attorney's office in the presence of several persons.

At the close of the evidence for the state there was a motion by counsel for defendant for a directed verdict of acquittal, which was overruled and exception allowed.

The defendant did not testify.

There can be no question as to the sufficiency of the evidence to justify submitting to the jury the question as to defendant's guilt.

One of the grounds of the motion for a new trial, and here assigned as error, was that, the county attorney being disqualified, the court appointed Edward M. Box as special county attorney in this cause, and afterwards appointed John Cocke as special county attorney in this cause; that neither of said attorneys was qualified as the law directs; and that said John Cocke conducted the trial, not being qualified as the law directs.

The record fails to show that objection was made or exception reserved to the appointment of John Cocke as special county attorney in this case. The record shows that the information is signed by Edward M. Box, county attorney; that he resigned his office, and, his successor being disqualified, the court, by an order entered, appointed Edward M. Box as special county attorney to try this case; that, he failing to appear when the case was called on defendant's demurrer to the information, the court appointed John Cocke as special county attorney in this case.

Chapter 35, article 7, of the Compiled Statutes of 1921, which creates the office of county attorney, and prescribes the duties, further provides (section 5745):

"The district court, whenever there shall be no county attorney for the county, or when the county attorney shall be absent from the court, or unable to attend to his duties, or disqualified to act, may appoint, by an order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose. Such attorney shall be paid a reasonable compensation for his services by the county for which he is so appointed."

Our Procedure Criminal provides:

"If the county attorney fails, or is unable to attend at the trial, or is disqualified, the court must appoint some attorney at law to perform the duties of the county attorney on such trial." Section 2725, C. S. 1921.

In Hisaw v. State, 15 Okla. Cr. 484, 165 P. 636, these sections were construed. Judge Matson, in writing the opinion of the court, used the following language:

"Independent of the statute, however, the court would have the inherent power to appoint a special county attorney under any of the circumstances therein enumerated. It is essential to the very life of the court that the proper officers be in attendance upon it. The power to appoint such officers is necessary for the protection and existence of the court and absolutely essential to the administration of justice and the enforcement of all our laws. It would be an indefensible reproach upon our institutions if crimes should go unpunished and the public business remained unattended to for want of power in a court of general jurisdiction to appoint some one to supply the place of the regular elected officer when absent from court or disqualified to act. The courts of this state are not powerless to this extent. They have the right and power to preserve their life, and the machinery of the court cannot be kept in motion without its proper officers. It is therefore an inherent

power of the presiding judge of the court to supply these officers when there is a temporary vacancy or a disqualification in any particular case. We conceive it our duty therefore to give the foregoing statute a broad, practical, and common sense construction in order to carry into effect the purposes for which it was enacted, and to give expression to this inherent power of courts of general jurisdiction in this state. * * *

"The latter statute permits the court to appoint a special county attorney for the trial of any particular case where the regular county attorney is disqualified. These statutes are merely expressive of the inherent powers of a court of general jurisdiction, and when it is made to appear, as it does in this case, that a contingency arose under which it was proper for the court to appoint a substitute for the county attorney, although the appointment be made in vacation, if afterwards in open court the same judge recognizes the appointment and permits a qualified person to act upon the trial in the place and instead of the disqualified county attorney, there has been a sufficient compliance with the statutory requirements to validate said appointment."

The record shows that the second appointment was made because the one first appointed failed to appear in court. It being admitted that the regular county attorney was disqualified, the court had the power to appoint a special county attorney to represent the state in this case, and the person appointed was, under the statute, vested with all the powers and jurisdiction of the county attorney.

No other reason for reversing the judgment being urged, and no substantial error appearing in the record, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.