## STATE v. J. B. SIMMONS.

No. A-6816. Opinion Filed July 6, 1929.
(279 Pac. 524.)

Bryan Kirkpatrick, Co. Atty., for the State.

Moss & Young, for defendant in error.

EDWARDS, P. J. This is an attempted appeal by the state from the district court of Tulsa county from a judgment of the district court sustaining a plea of former

jeopardy, wherein the state prosecuted the defendant in error here on a charge of receiving deposits in an insolvent bank.

The state has attempted to appeal under the provisions of section 2809, Comp. St. 1921, which is as follows:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court."

The record here discloses that the notice required by the foregoing section was not served upon the defendant nor posted in the office of the clerk of the district court, but was served upon the attorney of record for the defendant. When the state attempts to appeal in a criminal case under this statute, it must strictly pursue the procedure provided by the statute; that is, it must serve written notice upon the defendant personally, or, if he cannot be found in the county, by posting notice. In the case of State v. Childers, 17 Okla. Cr. 627, 191 Pac. 1043, 1044, it was said:

"Counsel for the state attempted to take this appeal by service of a notice of appeal upon the court clerk of Love county, and also by service of a similar notice upon counsel for the defendant. No notice was served upon the defendant himself, nor is there any proof that the defendant could not be found within the county, and that in his absence a notice was posted for three weeks in the office of the court clerk, as required by sec. 5992, supra. Further, no attempt was made to perfect this appeal by the service of a summons in error, as provided in Pro-

cedure Civil, sections 5238 and 5239, supra, nor is there any waiver of the issuance and service of such summons in error by counsel representing defendant. Where the appeal is taken by the service of notices, as provided in section 5992, the statute must be strictly complied with by the service of a written notice, where the appeal is taken by the state, both upon the clerk of the court where the judgment was entered and a similar notice upon the defendant, if he can be found within the county, and if the defendant cannot be found within the county, then it is incumbent upon the prosecuting attorney to post a written notice of appeal for three weeks in the office of the court clerk. In this case, the state attempted to take the appeal solely by serving the notices as required by section 5992, supra, and failed to either serve a notice on the defendant or to show that he could not be found in the county, and thereafter failed to post a notice in the manner above set out. Before this court can acquire jurisdiction of an appeal, either the notices required by section 5992, supra, must be served in the manner and upon the persons therein designated, or else a summons in error must be issued and served, or its issuance and service waived, as provided in the Code of Civil Procedure. Neither of these methods were complied with by counsel representing the state. It is apparent, therefore, that this court has never acquired jurisdiction of this appeal, and that the same must be dismissed. For reasons stated, the pretended appeal is dismissed."

See, also, State v. Hudson, 21 Okla. Cr. 475, 204 Pac. 133; State v. Boyd, 22 Okla. Cr. 451, 211 Pac. 1119.

On account of the failure of plaintiff in error to comply with the statute, this court does not acquire jurisdiction of the appeal, and the same is hereby dismissed.

DAVENPORT and CHAPPELL, JJ., concur.