STATE v. O. C. FOSTER.

No. A-8693.   May 11, 1934.
(32 Pac. [2d] 750.)

J. M. Springer, for the State.

W. L. Coffey, for defendant in error.

EDWARDS, P. J.   This is an attempted appeal by the state on a reserved question of law in a case tried in the district court of Tulsa county, in which defendant was charged with the murder of one Payne and was acquitted. Section 3191, Okla. St. 1931, permits an appeal by the state on a reserved question of law.   Section 3193, Okla. St. 1931, provides the manner in which an appeal may be taken either by a defendant or the state, and is:

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment.   If taken by the defendant, a similar notice must be served upon the prosecuting attorney.   If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a no-

tice three weeks in the office of the clerk of the district court."

The state has attempted to appeal under the provisions of this section, but the notice required was not served on defendant, nor posted in the office of the court clerk. The only notice in the record was served on the attorney of record for defendant. When the state attempts to appeal in a criminal case, it must strictly pursue the provisions of the statute; that is, it must serve notice on defendant personally, or if he cannot be found in the county, must post such notice in the office of the court clerk. This was specifically held in State v. Simmons, 43 Okla. Cr. 405, 279 Pac. 524. The court there followed State v. Childers, 17 Okla. Cr. 627, 191 Pac. 1043. See, also, State v. Hudson, 21 Okla. Cr. 475, 204 Pac. 133; State v. Boyd, 22 Okla. Cr. 451, 211 Pac. 1119.

Because of the failure of the state to comply with the mandatory provisions of the statute requiring notice of appeal to be served on defendant or by posting notices if he cannot be found, this court has not acquired jurisdiction of the attempted appeal, and it is therefore dismissed.

DAVENPORT and CHAPPELL, JJ., concur.