STATE v. HARMON (CHIC) STONE.

No. A-8776. Oct. 19, 1934.

(37 Pac. [2d] 320.)

Sam Y. Colby, Co. Atty., for plaintiff in error.

Don Welch, for defendant in error.

EDWARDS, P. J.   Defendant was charged in the district court of Marshall county of assault with intent to rape. On the 16th of April he entered a plea of guilty and was sentenced to serve a term of two years in the state penitentiary.   On April 17 he filed motion to set aside the judgment and sentence and prayed to be allowed to withdraw his plea of guilty and to enter a plea of not guilty, assigning as a reason that he was not guilty; that he entered his plea without having the advice of counsel or having advised with his friends.   Action was deferred to May 11th, when the motion was sustained, the judgment and sentence vacated and set aside, and defendant permitted to withdraw his plea of guilty and to enter a plea of not guilty.   From this order the state has attempted to appeal.

The state contends that the trial court was without jurisdiction to entertain the motion to set aside the judgment and sentence, citing Ex parte Strader, 37 Okla. Cr. 285, 257 Pac. 1112; Tracy v. State, 24 Okla. Cr. 144, 216 Pac. 941.

This court is without jurisdiction to review this appeal for two reasons:   First.   The right of the state to appeal in a criminal case is limited by section 3191, Okla. Stat. 1931, which is:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases and no other:

"First. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"Second. Upon an order of the court arresting the judgment.

"Third. Upon a question reserved by the state."

This statute expressly restricts the state's right of appeal to the three classes of questions therein enumerated. The question here sought to be reviewed is not within the terms of the statute. The statute cannot be enlarged by construction. Defendant's motion is in effect a motion for a new trial; the judgment of the trial court is in effect a judgment granting a new trial. In State v. Weathers, 13 Okla. Cr. 92, 162 Pac. 239, wherein a defendant was convicted in a jury trial and his motion for a new trial was sustained by the trial court and the state attempted to appeal, it was held the state had no right to appeal from order granting a new trial. To the same effect is State v. Curley, 13 Okla. Cr. 25, 161 Pac. 831. This court is without jurisdiction for the further reason that notice of appeal was not made on defendant as required by section 3193, Okla. Stat. 1931. State v. Foster, 55 Okla Cr. 450, 32 Pac. (2d) 750.

For the reasons assigned the appeal is dismissed.