## STATE v. J. B. GRAY.

No. A-9718.  March 12, 1941.

(111 P. 2d 514.)

310

312

316

320

Phil W. Davis, Jr., Sp. Co. Atty., of Tulsa, Mac Q. Williamson, Atty. Gen., and Randell S. Cobb, Asst. Atty. Gen., for plaintiff in error.

M. A. Breckenridge, of Tulsa, for defendant in error.

DOYLE, J. It is well settled that no writ of error or appeal lies on behalf of the state to review or set aside a verdict or judgment of acquittal in a criminal case, however, while the state cannot bring error or appeal to afford the state an opportunity for a new trial after acquittal, there is no constitutional limitation in this state in conflict with our statute authorizing an appeal on a question of law reserved by the state. State v. Smith, 30 Okla. Cr. 144, 235 P. 273, and cases cited.

The right of the state to appeal from any order or judgment of a trial court rests upon statutory authority which cannot be enlarged by construction.

The Code of Criminal Procedure provides:

"Appeals to the Criminal Court of Appeals may be taken by the state in the following cases and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the state." Section 3191, Sts. 1931, 22 Okla. St. Ann. § 1053.

"An appeal is taken by the service of a notice upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the prosecuting attorney. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the county; if not there, by posting up a notice three weeks in the office of the clerk of the district court." Section 3193, Sts. 1931, 22 Okla. St. Ann. § 1055.

"An appeal taken by the state in no case stays or affects the operation of the judgment in favor of the defendant, until the judgment is reversed." Section 3194, Sts. 1931, 22 Okla. St. Ann. § 1056.

"Instead of the case-made plaintiff in error may attach to his petition in error a transcript of the proceedings of

record in the trial court." Section 3198, Sts. 1931, 22 Okla. St. Ann. § 1060.

"The exceptions stated in the case shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken." Section 3200, Sts. 1931, 22 Okla. St. Ann. § 1062.

"In case of an appeal from a question reserved on the part of the state it shall not be necessary for the clerk of the court below to certify in the transcript any part of the proceedings and record except the bill of exceptions or case-made and the judgment of acquittal. When the question reserved is defectively stated the Criminal Court of Appeals may direct any other part of the proceedings and record to be certified to them." Section 3201, Sts. 1931, 22 Okla. St. Ann. § 1063.

Under the statute, when the appeal is from a judgment on quashing or setting aside an indictment or information, or from an order of the court arresting a judgment, an appeal taken by the state will not stay or affect the operation of such judgment or order in favor of the defendant, until the judgment or order is reversed and the case remanded with direction to the trial court to vacate the judgment or order in favor of the defendant, and reinstate the case and proceed as though no such judgment or order had ever been entered. Section 3194, Sts. 1931, 22 Okla. St. Ann. § 1056, supra. State v. Barnett, 60 Okla. Cr. 355, 69 P. 2d 77.

In such cases it is the right and duty of the county attorney to take an exception and perfect an appeal from such judgment or order to this court.

Where the trial court sustains a demurrer to an indictment or information the judgment is final unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the

same or another grand jury, or that a new information be filed. Section 2952, Sts. 1931, 22 Okla. St. Ann. § 508; State v. Franks, 21 Okla. Cr. 213, 206 P. 258.

If the court do not direct the case to be further prosecuted, the defendant, if in custody, must be discharged. Section 2953, Sts. 1931, 22 Okla. St. Ann. § 509; State v. Boston, 69 Okla. Cr. 307, 102 P. 2d 889; State v. Sowards, 64 Okla. Cr. 430, 82 P. 2d 324; State v. Graham, 38 Okla. Cr. 325, 261 P. 230; State v. Walton, 30 Okla. Cr. 416, 236 P. 629; State v. Robertson, 28 Okla. Cr. 234, 230 P. 932; State v. Vaughn, 15 Okla. Cr. 187, 175 P. 731; State v. Chappell, 12 Okla. Cr. 618, 152 P. 1199.

This court has held that while the state cannot bring error or appeal to reverse an acquittal of one accused of crime, the state has the right, under the 3rd subdivision of sec. 3191, 22 Okla. St. Ann. § 1053, subd. 3, to take an appeal to this court upon any question of law reserved by the state during the trial of a criminal case. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; State v. Rule, 11 Okla. Cr. 237, 144 P. 807.

In such cases the state does not bring any part of the trial or proceedings of the case, except the question reserved and the judgment of acquittal, and if such question of law is decided in favor of the state, it simply settles a question of law, and does not affect the verdict of acquittal. "Section 3201, supra."

We may state in the language of the court in United States v. Evans, 213 U.S. 297, 29 S.Ct. 507, 508, 53 L.Ed. 803:

" 'The appellee in such a case, having been freed from further prosecution by the verdict in his favor, has no interest in the question that may be determined in the proceedings on appeal, and may not even appear. Nor can his appearance be enforced. Without opposing argument,

which is so important to the attainment of a correct conclusion, the court is called upon to lay down rules that may be of vital interest to persons who may hereafter be brought to trial. All such persons are entitled to be heard on all questions affecting their rights, and it is a harsh rule that would bind them by decisions made in what are practically "moot" cases, where opposing views have not been presented.' "

In the case of State v. Miller, 14 Ariz. 440, 130 P. 891, 892, it is said:

"While the evident purpose of the statute, as shown by its language, is to establish a correct and uniform administration of the criminal law, it seems to us that it is not calculated to effectuate that purpose, unless the court is afforded the assistance of counsel on both sides of the question."

The defendant in this case, tried on an indictment, before a competent court and jury, on the issue of his guilt or innocence, was acquitted. That ended the case so far as he was concerned. The trial court had exhausted its jurisdiction both of the person and the subject matter. The judgment of acquittal was final.

Chapter 35 of article 14, § 7615 et seq., 19 Okla. St. Ann. § 181 et seq., which creates the office of county attorney and prescribes the duties, further provides (sec. 7621, Sts. 1931, 19 Okla. St. Ann. § 187):

"The district court, whenever there shall be no county attorney for the county, or when the county attorney shall be absent from the court, or unable to attend to his duties, or disqualified to act may, appoint, by an order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose. Such attorney shall be paid a reasonable compensation for his services by the county for which he is so appointed."

The Code of Criminal Procedure provides (sec. 3056, Sts. 1931, 22 Okla. St. Ann. § 859) :

"If the county attorney fails, or is unable to attend at the trial or is disqualified, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

The first statute was intended to give the district court the power and authority to appoint temporarily a county attorney to act in the place and stead of the regular county attorney, under the circumstances enumerated in the statute.

In the case of Hisaw v. State, 13 Okla. Cr. 484, 165 P. 636, 640, it is said:

"Independent of the statute, however, the court would have the inherent power to appoint a special county attorney under any of the circumstances therein enumerated. * * *

"The latter statute permits the court to appoint a special county attorney for the trial of any particular case where the regular county attorney is disqualified.

"These statutes are merely expressive of the inherent powers of a court of general jurisdiction, and when it is made to appear, as it does in this case, that a contingency arose under which it was proper for the court to appoint a substitute for the county attorney, although the appointment be made in vacation, if afterwards in open court the same judge recognizes the appointment and permits a qualified person to act upon the trial in the place and stead of the disqualified county attorney, there has been a sufficient compliance with the statutory requirements to validate said appointment."

And see Nowlin v. State, 65 Okla. Cr. 165, 83 P. 2d 601; Hayes v. State, 41 Okla. Cr. 302, 274 P. 41; Nance v. State, 41 Okla. Cr. 379, 273 P. 369; Baggett v. State, 35 Okla. Cr. 119, 248 P. 875.

In the instant case, it appears that Dixie Gilmer, county attorney of Tulsa county, having disqualified in this case, Harry L. S. Halley, a judge of the district court, entered an order appointing Phil W. Davis, Jr., as special county attorney.

It is the right of a county attorney or the Attorney General to reserve exceptions and to perfect an appeal from an order setting aside an indictment or information or from an order arresting a judgment or from a judgment sustaining a demurrer to an indictment or information, where the trial court directs the case to be resubmitted to the same or another grand jury, or that a new information be filed. In other words, where the trial court retains jurisdiction in such cases pending the decision or opinion of this court. State v. Franks, supra.

In such cases we may only decide the questions of law involved for the future guidance of the trial court. Where by the judgment of the trial court a defendant is discharged or a judgment of acquittal entered, the prosecution is at an end and the case must be dismissed. In such a case, where an appeal on behalf of the state from a question reserved is desired, the county attorney, or if the Attorney General, on inspecting the record is satisfied that error has been committed to the prejudice of the state, and upon which it is important to the correct and uniform administration of the criminal law that this court should decide, a "bill of exceptions" or case-made and the judgment of acquittal duly certified by the court clerk may be filed in the trial court clerk's office, with proof of service of written notice of appeal upon the clerk of the trial court and upon the defendant as required by section 3193, Sts. 1931, 22 Okla. St. Ann. § 1055, supra. The same to be filed in the office of the clerk of this court. This is a method afforded the law officers of the state to take the

opinion of the Criminal Court of Appeals upon questions which they consider important to the correct and uniform administration of the criminal law.

It may therefore be considered that in such cases the duties of a special county attorney have terminated and he is without authority to take an appeal for the state.

The record further shows the successive steps taken by the special county attorney to take an appeal on behalf of the state. It appears that on March 7th, Judge Halley entered an order allowing the state 60 days from this date in which to make and serve a case-made on appeal to this court. Thereafter, on March 10th, the trial judge entered an order overruling the state's motion for a new trial, and on the same day Judge Halley granted the special county attorney leave to file exceptions "to each and all the rulings of the court upon the trial of this case before Hon. Prentiss F. Rowe, Judge Presiding.", and that the state's notice of appeal be entered on the trial docket. Thereafter, on May 8th, Judge Halley entered an order allowing the state 60 days in addition to the time heretofore allowed, in which to make and serve its case-made. Thereafter, on the 3rd day of July Judge Halley allowed 30 days additional to the time heretofore allowed in which to make and serve a case-made. Thereafter, on July 8, 1939, Judge Halley made and entered an order directing court reporter to "make out a proper case-made in this cause for the purpose of appeal to the Criminal Court of Appeals from such judgment and questions reserved by the state, and furnish the same to said special county attorney for service and filing in the Criminal Court of Appeals, and that the expense of the preparation of said case-made shall be paid by Tulsa county."

The record shows that when the trial judge denied the state's motion for a new trial, he allowed exceptions as

follows: "To the said decision, order and judgment of the court, the State of Oklahoma objects and its exceptions are allowed."

The statute provides (sec. 3201, Sts. 1931, 22 Okla. St. Ann. § 1063, supra):

"In the case of an appeal from a question reserved on the part of the state it shall not be necessary for the clerk of the court below to certify in the transcript any part of the proceedings and record except the bill of exceptions or case-made and the judgment of acquittal."

When an appeal on behalf of the state from a verdict or a judgment of acquittal, where the county attorney or the Attorney General believes that error has been committed on the trial of the case to the prejudice of the state, and upon which it is important to the correct and uniform administration of the criminal law that the Criminal Court of Appeals should decide, the proper procedure of pointing out errors in the proceedings and by so doing obtain an authoritative exposition of the law to be followed by the courts, is by a bill of exceptions allowed as being true and correct, which must be signed and duly authenticated by the trial judge according to law, with such qualification or explanation as the trial judge may elect to state, the same to be duly certified by the court clerk and filed with proof of service of notice of appeal. The law officers of the state may then take the appeal by filing the bill of exceptions in the clerk's office of the Criminal Court of Appeals.

Such a construction of the statute accords it a meaning in line with its purpose and legislative intend.

After a careful examination of the record, we are not disposed to place our decision in this case upon the grounds hereinbefore stated alone. It affirmatively appears from the record that no written notice of appeal was ever served

upon the defendant either in person or "by posting up a notice three weeks in the office of the clerk of the district court", as required by section 3193, Sts. 1931, 22 Okla. St. Ann. § 1055, supra. Neither of these methods was complied with by the special county attorney, or counsel representing the state.

This question of jurisdiction for want of proper notice was not alluded to in the state's briefs, nor referred to by the special county attorney in his oral argument.

Under this section notice of appeal and proof thereof, given and made in the manner and within the time prescribed for perfecting an appeal, is jurisdictional.

Under repeated decisions of this court it is held that the state attempting to appeal under this section must serve notice of appeal on the defendant personally, or must post such notice in office of court clerk if the defendant cannot be found in the county; service of notice on defendant's attorney of record being insufficient. State v. Stone, 56 Okla. Cr. 239, 37 P. 2d 320.

In State v. Foster, 55 Okla. Cr. 450, 32 P. 2d 750, this court held:

"When the state attempts to appeal in a criminal case under section 3193, Okla. St. 1931, 22 Okla. St. Ann. § 1055, in order to give this court jurisdiction, it is incumbent upon the state to serve its written notice of appeal upon the defendant personally, or, in the alternative, to show that the defendant cannot be found in the county and to post notice for three weeks in the office of the court clerk. When this is not done, this court does not acquire jurisdiction, and the attempted appeal will be dismissed"

And see State v. Simmons, 43 Okla. Cr. 404, 279 P. 524; State v. Hudson, 21 Okla. Cr. 475, 204 P. 133; Burgess v. State, 18 Okla. Cr. 574, 197 P. 173; State v. Childers, 17 Okla. Cr. 627, 191 P. 1043; State v. McElroy, 14 Okla.

Cr. 314, 170 P. 915; Sharer v. State, 40 Okla. Cr. 420, 269 P. 511; Patton v. State, 60 Okla. Cr. 409, 64 P. 2d 1245.

Under the statute the notice to the clerk of the trial court stating that the appellant appeals from the order or judgment and a similar notice to the defendant, given and made in the manner and within the time prescribed for perfecting an appeal, are the prerequisite steps to conferring on this court jurisdiction to hear and determine the question reserved by the state. When the record in this court fails to show notice and proof of service made in the manner required by the statute, the purported appeal will be dismissed for want of jurisdiction.

From the foregoing review of the record, the authorities cited, and the reasons stated, we are of the opinion that this court is without jurisdiction to entertain the attempted appeal in this case.

It is therefore considered and adjudged that the purported appeal from the district court of Tulsa county herein be dismissed.

It is so ordered.

BAREFOOT, P. J., and JONES, J., concur.