### W. C. WELCH v. STATE.

No. A-5852. Opinion Filed Nov. 4, 1927.
(260 Pac. 787,)

Morgan, Osmond & Morgan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county of having the unlawful possession of whisky, and was sentenced to pay a fine of $500, and to serve a term of six months in the county jail.

The judgment in this case was rendered on August 19, 1925, and at that time the court allowed 30 days to make and serve a case-made for appeal.   This allowance of time expired on September 18th (section 884, Comp. St. 1921; Hawkins v. State, 5 Okla. Cr. 276, 114 P. 356) without the case-made having been served, and without any order of extension having been made.   On September 19th, the thirty-first day, an order of extension was made.   No attempt was made to comply with the provisions of the latter part of section 789, Comp. St. 1921, whereby, in case of accident or misfortune which could not reasonably have been avoided by the party appealing, and upon notice to the adverse party, the court or judge may make an order extending the time after the expiration of the time fixed in the previous order.   Unless this provision of the law is complied with, an order extending the time, made after the expiration of the time originally allowed, is a nullity, and a case-made served under the authority of such invalid order of extension will not give this court jurisdiction.   It is, of course, obvious that, if an order of extension may be made one day after the expiration of the time originally allowed, it may be made any number of days after, if within the period fixed by law for taking an appeal.   It is well settled that an appeal to the Criminal Court of Appeals may be taken by a defendant as a matter of right from any judgment rendered against him, but the manner or time in perfecting such appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by law.

The case-made not having been served within the time originally allowed, nor within the time fixed in any valid extension of time, it was served too late.

The attempted appeal is dismissed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.