## Ex parte WALTER WIGGER.

No. A-6821. Opinion Filed Jan. 31, 1928.
(263 Pac. 112.)

See, also, 39 Okla. Cr. 114, 263 P. 1112.

J. W. Stalcup, for petitioner.

Edwin Dabney, Atty. Gen., for respondent.

EDWARDS, J.   On November 16, 1927, Walter Wigger filed in this court a verified petition for a writ of habeas corpus.   He avers that he is unlawfully restrained of his liberty by the warden of the Oklahoma State Penitentiary at McAlester, Okla., and in substance further alleges that on January 8, 1927, in the district court of Ottawa county he was tried and convicted of the crime of murder and by the verdict of the jury and the judgment of the court was sentenced to death by electrocution; that he desired to appeal from said judgment and sentence but is a poor person without money or property with which to procure the record for appeal; that he made an application sup-

ported by affidavit to procure the record for appeals as a poor person, and the judge of said district court refused and denied his petition, and as a consequence he is denied the constitutional and statutory right of appeal; that the time for appeal has expired and the petitioner is entitled to be discharged from such unlawful imprisonment. Attached to said petition is a certified copy of the judgment and sentence and a certified copy of the affidavit of petitioner dated January 15, 1927, filed in the district court of Ottawa county March 28, 1927. The affidavit sets out that he was convicted on a charge of murder, that he desires to appeal from said conviction to the Criminal Court of Appeals, that he is a poor person without means or property with which to pay the costs and has no friends or relatives willing or able to make security therefor, and he is unable to procure means with which to appeal or to give security for costs. This is the only showing made.

Upon the petition and attached exhibits this court issued to the warden of the state penitentiary at McAlester a rule to show cause. Return of said rule has been filed, which contests the truth of the statements made in the petition. Attached to the return is an affidavit of J. J. Smith, district judge, who presided at the trial of said cause in the district court, which among other things states:

"* * * That affiant has made no search of the records in the case of State of Oklahoma v. Walter Wigger (No. 1350) in said district court, and therefore has no knowledge of his own as to whether an application was, or has been, made and filed by said defendant requesting that a transcript, or case-made, be furnished him without cost to him and at the expense of the county, but affiant does know, and so states, that at no time, either in open court, in chambers or elsewhere, has such application been made or presented to him as judge of said district court; neither has such application, at

any time, been granted, denied, refused, ruled, or passed upon, nor considered, nor has any order been made or given upon and concerning such matter, either in court, as a court, or in chambers as the judge of said court.

"Affiant says further that upon two or more occasions the matter above referred to was, and has been, discussed by and between J. W. Stalcup, Esquire, attorney for the said Walter Wigger, and this affiant, and that said affiant, as such judge, in each and every instance advised and informed the said Stalcup that he, the said judge, would consider the application of the said Wigger, to the effect indicated, at any time such application, or request, was made and at any time the said Stalcup desired, the county attorney, of said county first having notice of such hearing or application, and if, and when, such application were made; that at one time the said Stalcup did, in fact, hand to this affiant an unfiled and unrecorded instrument, which proved to be an affidavit, as affiant remembers it, of the said Walter Wigger, and which, in general purport and effect, stated that the said Wigger was financially unable to pay for a record and transcript for appeal; that such affidavit was handed to affiant as he was leaving his office and while passing through the courtroom or corridor adjacent thereto, and that, upon reading the same, affiant either directed the said Stalcup to cause the same to be filed or else gave it to the clerk with directions to file such affidavit with the other papers in the case; that affiant has not since seen nor examined said instrument, but presumes it is a matter of record in the office of the court clerk. * * * Further: That anticipating an appeal in and of said cause to this honorable court, said affiant, as such judge, directed and instructed the reporter of said court to hold himself in readiness to make and prepare the proper case-made or transcript for such appeal, at such time as a request or application should be made and presented by the said Wigger or his counsel, and if, upon consideration, such application or request were allowed; that thereafter, and after the lapse of some considerable time, W. J. Farneman, court reporter, advised affiant herein that

Mr. Stalcup, counsel aforesaid, had informed him that the idea of an appeal had been abandoned and that all further efforts, in and on behalf of said Wigger, would be made before the Governor for executive clemency; that thereupon this affiant dismissed the whole matter from mind, to have it recalled only upon the initiation of these proceedings. * * *"

There is further attached an affidavit of W. J. Farneman, reporter for said district court, which in part reads:

"* * * That I took the evidence in the case of State of Oklahoma, Plaintiff, v. Walter Wigger, Defendant (No. 1350), and that shortly after the motion for new trial in said cause had been overruled by the court, I asked J. W. Stalcup, attorney for the defendant, if he was going to request me to make up a record. He said, 'No, I am not; I am going to appeal to the mercy of the Governor.' Affiant further sayeth that J. W. Stalcup, Walter Wigger, or any one else for him never requested me to make up a transcript or case-made in the above-entitled cause. * * *"

No counter showing is made nor does counsel for petitioner, who was his counsel in the trial in the district court, in any manner contest, contradict, or deny the statements of the trial judge and reporter just referred to. Section 6, Bill of Rights of the state Constitution, provides:

"The courts of justice of this state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Under this provision of the Constitution it has been frequently held by this court that a person convicted of a crime has the constitutional right of appeal upon the facts and the law, conditioned only upon a compliance with the requirements of law for the exercise of such

rights. Where a defendant is unable to pay for the record and transcript of the evidence, it is the duty of the trial court upon proper application and showing to make an order requiring that the same be furnished defendant without cost. Jeffries v. State, 9 Okla. Cr. 573, 132 P. 823; Harris v. State, 10 Okla. Cr. 417, 137 P. 365 or 139 P. 846; Hutchins v. State, 13 Okla. Cr. 717, 167 P. 338. In a proper case, where an application to be furnished a transcript as a poor person is denied by the trial court, counsel for a defendant should file a petition in error in this court setting up such fact in order that a proper order to procure the record may be procured here. Young v. State, 33 Okla. Cr. 255, 243 P. 763.

Under the record before us, it is not made to appear that defendant has been denied his right of appeal. It rather appears that defendant long prior to the expiration of his time for appeal abandoned his intent to appeal, if he ever intended to do so, and elected to apply for executive clemency. While it is not within the record in this proceeding by habeas corpus, in this connection we may say, however, there was furnished to the Governor of the state under the provisions of section 2785, Comp. St. 1921, a certified transcript of the record and the evidence, which transcript was by the Governor submitted to this court, and an opinion has been rendered the Governor upon such request by this court to the effect that there has been an observance of the formalities of law essential to the infliction of the death penalty.

No reason for the interference with the judgment and sentence by this court is made to appear.

The writ is denied, and the stay of execution granted by this court is set aside.

DOYLE, P. J., and DAVENPORT, J., concur.