## ARESHA THURMOND v. STATE.

No. A-6587. Opinion Filed Sept. 14, 1929.
Rehearing Denied Dec. 16, 1929.
(283 Pac. 271.)

348

O. A. Brewer and J. H. Warren, for plaintiff in error.

Edwin Dabney. Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county of murder, and her punishment fixed at imprisonment for life in the state penitentiary.

Defendant gave notice of appeal, and filed an affidavit as a poor person to procure a transcript of the testimony without cost.

Under the provisions of section 6, Bill of Rights of the State Constitution, where an accused person desires to appeal and on account of poverty is unable to pay for the transcript of the record, it is the duty of the trial court to order same made and furnished without expense to accused.   Farmer v. State, 5 Okla. Cr. 152, 114 Pac. 753; Jeffries v. State, 9 Okla. Cr. 573, 132 Pac. 823.

Where such application and showing is made and the trial court refused to order the record without expense to accused, accused may in due time file a petition in error in this court, and, upon showing such state of facts, this court, under the provisions of section 786, Comp. Stat. 1921, will order a transcript of the record and evidence.

Young v. State, 33 Okla. Cr. 255, 243 Pac. 763; Ex parte Wigger, 39 Okla. Cr. 108, 263 Pac. 1112.

In this case application for free record was denied by the trial court, and defendant thereupon filed her petition in error with various exhibits attached in this court, and made an application to this court for an order that she be furnished a transcript of the testimony without cost to her, supporting the same by affidavit. On May 14, 1927, this court ordered that a transcript of the evidence be furnished defendant at the expense of Choctaw county. An extension of time to make the transcript was later ordered by this court.

It appears from the motion to dismiss that in compliance with said order a transcript was prepared and delivered to O. A. Brewer, attorney of record for defendant. The same has never been filed in this court.

There are two methods of appeal in criminal cases by case-made as provided in sections 2813 and 2814, Comp. Stat. 1921, which are as follows:

2813: "In all criminal cases appealable to the criminal court of appeals, the appellant may prepare, and it shall be the duty of the court to provide for the preparation and settling of a case-made in all respects as in civil cases, and the case-made so settled, served and filed in the trial court may be sent to the appellate court in lieu of all other records or bills of exception, or the proceeding in the appellate court may be as provided in the next section.

2814: "Instead of the appeal hereinbefore provided for any party desiring to appeal to the criminal court of appeals in any criminal case may proceed by case-made and petition in error in all respects and with all the rights, as provided in 'Procedure, Civil,' and the summons in error shall be served upon the Attorney General, unless the same is waived as in other cases. Instead of the case-made

plaintiff in error may attach to his petition in error a transcript of the proceedings of record in the trial court."

As provided by these provisions of the law, if a person convicted in a criminal case desires to appeal and have the case reviewed upon the evidence, he should appeal by the first method provided; that is, by case-made. If no question is sought to be raised requiring a review of the evidence but raising only questions presented by the record proper, the second method included in section 2814, supra, may be pursued. Neither method has been pursued in this case. The petition in error does not have attached to it the case-made provided by said sections nor a transcript of the proceedings of record in the trial court.

The attempted appeal raises no question reviewable by this court by either method of appeal, and the attempted appeal is dismissed.

DAVENPORT and CHAPPELL, JJ., concur.