W. M. HURT v. STATE.

No. A-8668. May 4, 1934.
(32 Pac. [2d] 745.)

J. L. Francis, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the court of common pleas of Oklahoma county of illegal possession of intoxicating liquor, and was sentenced to pay a fine of $75 and to serve a term of 30 days in the county jail.

Judgment was entered on September 2d. At that time defendant was given 60 days in which to prepare and serve case-made for appeal. Three days were allowed to suggest amendments, to be settled and signed on three days' notice. On November 2d, an order was made extending time for preparing and serving case-made to November 17th. On November 17th another order was made extending time to prepare and serve case-made to December 1st. On November 27th a further order was made extending the time to prepare and serve case-made to December 16th. None of the orders included an extension of time within which to file appeal in this court. The appeal was lodged in this court December 30th.

An order extending time to make and serve case-made does not automatically extend the time to file appeal, and, unless an order of extension of time to file appeal is made, it must be filed within the 60 days provided by section 3192, Okla. St. 1931. Buxton v. State, 41 Okla. Cr. 376, 273 Pac. 372.

Even had the order extending time to file appeal been incorporated in the orders extending time to prepare and

serve case-made, this court would not have acquired jurisdiction. The original order, September 2d, granted 60 days to make and serve case-made. Order extending time was not made until November 2d, 61 days after the original order. The filing of appeal being out of time, this court does not acquire jurisdiction. Welch v. State, 38 Okla. Cr. 300, 260 Pac. 787.

The appeal is dismissed.