## GEO. MAY v. STATE.

No. A-9302.   Nov. 12, 1937.
(73 P. 2d 875.)

166

Morrill & Snodgrass, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, for convenience hereinafter referred to as the defendant, was by information charged with the crime of possession of intoxicating liquor; was tried, convicted, and sentenced to serve a term of 60 days in the county jail of Tillman county, Okla., and to pay a fine of $150, and cost. Motion for a new trial was filed, considered, overruled, exceptions saved, and defendant has appealed.

The state has filed a motion to strike the case-made. No response has been filed to the motion of the state to strike the case-made.  The judgment in his case was rendered on December 12, 1936; at the time the court allowed defendant 40 days to make and serve case-made; on the 13th day of January, 1937, the court granted a further extension of time of 30 days from the said 13th day of January, 1937, which 30 days expired on February 12, 1937.   The case-made was not made or served within said time, nor was any further order entered until February 13, 1937.

In the motion to strike the case-made the state further alleges that an order of the court made on February 13, 1937, was void, and the case-made served on March 16, 1937, was a nullity. The allowance of time to make and serve case-made expired February 12, 1937 (section 22, O. S. 1931 [12 Okla. St. Ann. § 73]; Hawkins v. State, 5 Okla. Cr. 276, 114 Pac. 356), without the case-made having been served and without an order of extension having been made. On February 13, 1937, the 31st day, an order of extension was made. No attempt was made to comply with the provisions of the latter part of section 538, O. S. 1931 (12 Okla. St. Ann. § 962), where in case of accident or misfortune which could not reasonably be avoided by the party appealing, the court or judge may make an order extending the time after expiration of the date fixed in the previous order. Unless this provision of the law is complied with, any order made after the expiration of the original time allowed is a nullity, and the case-made served under the authority of such an invalid order will not give this court jurisdiction. The purported case-made does not show to have been filed in the court below. The motion to strike case-made is well taken.

It is, of course, clear that if the order of extension be made one day after the time originally allowed, it may be made any number of days after the time fixed by law for taking an appeal. Under our statute an appeal to the Criminal Court of Appeals may be taken by the defendant as a matter of right from any judgment rendered against him, but the manner or time in perfecting such an appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by the statute. A case-made not having been served within the time originally allowed, nor within the time fixed in

any valid extension of time, was served too late. Welch v. State, 38 Okla. Cr. 300, 260 Pac. 787.

The attempted appeal is dismissed.

DOYLE and BAREFOOT, JJ., concur.