STATE v. J. L. SEIDENBACH et al.

No. A-9710.   Dec. 10, 1941.

(120 P. 2d 377.)

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for plaintiff in error.

M. A. Breckinridge and Sam'l A. Boorstin, both of Tulsa, for defendants in error.

DOYLE, J.  On March 20th, 1937, an action was commenced in the court of common pleas, Tulsa county, by filing an information, entitled: "State of Oklahoma vs. J. L. Seidenback, Carl Seidenback and L. H. Thrall, defendants." To this information said defendants interposed a general demurrer.  The record shows that on January 26, 1939, the state confessed said demurrer to be well taken; thereupon the court sustained the demurrer and directed that a new information be filed.  On January 28, 1939, an information, entitled: "Amended Information for obstructing work of Labor Officials," was filed in said court.  The defendants filed demurrer to the amended information.  On June 10, 1939, the court ordered that the demurrer to the amended information be sustained.  Sustaining the demurrer the court filed a written opinion covering 10 typewritten pages.  To the ruling of the court the state, plaintiff in error herein, duly excepted, and an appeal was attempted to be taken upon the question reserved by the state, by filing in this court on August 9, 1939, a petition in error with a duly certified transcript of the record proper attached.

This case has been set for oral argument at several terms of this court, and has been continued from term to term on motion of counsel for the state, and no brief in support of the petition in error has ever been filed.

On October 24th, 1941, counsel for the state filed what is entitled:

"Statement of Plaintiff in Error on Submission of Cause." Which reads:

"This Court's attention is called to the fact that although this appeal was filed on August 9, 1939, no further proceedings have been had in connection therewith,

and the Case-made and record have been for many months misplaced and lost, but said record has been recently secured by the Attorney General and returned to the Clerk of this Court. That after an examination of the record and the memorandum decision of the Court thereon the plaintiff in error feels that said appeal should be submitted on the record, and plaintiff in error does not desire to file any brief herein, and respectfully submits the question of law to this Court, raised under the record, for final decision.

> "Respectfully submitted,
>
> "Mac Q. Williamson,
>
> "Attorney General
>
> "J. Walker Field,
>
> "Assistant Attorney General."

The right of the state to take an appeal to this court upon any question of law reserved by the state during the trial, rests upon statutory authority, and that statutory authority cannot be enlarged by construction. Section 3191, Sts. 1931, 22 Okla. St. Ann. § 1053.

Where the trial court sustains a demurrer to an information the judgment is a "final judgment", unless the court being of opinion that the objection on which the demurrer is sustained may be avoided by a new information directs that a new information be filed, and if the court does not direct the case to be further prosecuted, the defendant, if in custody, must be discharged. 22 Okla. St. Ann. §§ 508, 509. State v. Gray, 71 Okla. Cr. 309, 111 P. 2d 514.

Upon the record before us it appears that the state, plaintiff in error, has abandoned its appeal by failing to properly prosecute the same as required by statute and the rules of this court, providing for filing of briefs or oral argument.

However, it affirmatively appears from the record that no written notice of appeal was ever served upon the defendants, either in person, or, "by posting up a notice three weeks in the office of the clerk of the district court," as required by statute. § 3193, Sts. 1931, 22 Okla. St. Ann. § 1055. (Act amending this section approved June 4, 1941. 22 Okla. St. Ann. § 1055.) Neither of these methods were complied with by the county attorney or the Attorney General.

Under this section notices of appeal and proof thereof, given and made in the manner and within the time prescribed for perfecting an appeal, is jurisdictional. State v. Gray, supra; State v. Foster, 55 Okla. Cr. 450, 32 P. 2d 750; State v. Simmons, 43 Okla. Cr. 404, 279 P. 524.

Under the statute the notice to the clerk of the trial court stating that the appellant appeals from the order or judgment and a similar notice to the defendant, given and made in the manner and within the time prescribed for perfecting an appeal, are the prerequisite steps to conferring on this court jurisdiction to hear and determine the question reserved by the state. When the record in this court fails to show notice and proof of service made in the manner required by the statute, the purported appeal will be dismissed for want of jurisdiction.

Upon the record before us it is apparent that this court has never acquired jurisdiction of the attempted appeal in this case. It is therefore considered and adjudged that the purported appeal from the court of common pleas of Tulsa county be and the same is hereby dismissed.

It is so ordered.

BAREFOOT, P. J., and JONES, J., concur.