## PANTAZOS v. CITY OF EL RENO.

No. A-11529. May 14, 1952.

(244 P. 2d 1152.)

Vincent Harper, El Reno, for plaintiff in error.

J. N. Roberson, El Reno, for defendant in error.

JONES, J.  Iwanne Pantazos was charged in the municipal court in and for the city of El Reno with the offense of disorderly conduct, allegedly caused by using profane and vulgar language directed at one Mrs. R. B. Dunn; was convicted; and sentenced to pay a fine of $20; thereafter the accused took an appeal to the county court of Canadian county from such conviction.  In lieu of a surety bond the accused deposited $50 as a cash bond for the purpose of taking the appeal to the county court.  Thereafter the cause was set for hearing in the county court of Canadian county, at which time counsel for the defendant made an oral motion for a continuance on account of inability of the defendant to be present; and in connection with his motion he submitted to the court two purported telegrams.  One allegedly signed by the defendant stated that he was unable to be present on account of illness and that he was receiving treatment under two doctors in Pasadena, California.  The other telegram was purportedly signed by Doctor Jud R. Scholtz and Doctor Craig Williamson, in which it was stated that Iwanne Pantazos had been a patient under treatment by the Veterans' Administration since July 7, 1950.  The motion for continuance was overruled.  The prosecution announced ready for trial.  The defendant having failed to appear, the court declared his appeal bond forfeited.  Upon motion of the prosecution the appeal was dismissed.

From the action of the county court in dismissing the appeal and forfeiting the cash bond of the defendant an appeal was taken to this court on January 5, 1951.  Counsel for the city of El Reno has filed a motion to dismiss the purported appeal for the following reasons: First, the appeal was not taken at the time and manner provided by law for taking appeals to the Criminal Court of Appeals.  Second, no appeal bond was given; the defendant is a non-resident of the State of Oklahoma and absent from the State of Oklahoma, and the appellate court will be powerless to enforce any judgment it might render against him.

In connection with the first proposition, the record discloses that the judgment dismissing the appeal from the municipal court to the county court of Canadian county and forfeiting the bond of the defendant was entered on October 24, 1950.  Counsel for the defendant saved his exception to the order of the court but did not give notice in open court of his intention to appeal from said judgment to the Criminal Court of Appeals.  Thereafter on November 13, 1950 there was filed on behalf of the defendant a Notice of Appeal, which notice was served upon counsel for the city of El Reno on November 13, 1950.

By statute it is provided that a party desiring to appeal to the Criminal Court of Appeals shall give notice of such appeal in open court either at the time the judgment is rendered or within ten days thereafter.  22 O. S. 1951 § 1055.

This court has held that an appeal to the Criminal Court of Appeals must be taken in the manner prescribed by statute. May v. State, 63 Okla. Cr. 165, 73 P. 2d 875; Patton v. State, 60 Okla. Cr. 409, 64 P. 2d 1245.  In State v. Seidenbach, 73 Okla. Cr. 254, 120 P. 2d 377, this court held that the notice of appeal and proof thereof, given and made in manner and within time prescribed for perfecting an appeal, is jurisdictional.

In Patton v. State, supra, this court held:

"Appeal to Criminal Court of Appeals may be taken by defendant as matter of right from any judgment rendered against him, but manner of taking and

perfecting appeal is proper matter for legislative control, and appeal must be taken in manner prescribed by law."

Since no notice of appeal was given in open court at the time judgment was rendered, and the actual notice of appeal which was served on counsel for the city of El Reno and filed with the court clerk on November 13, 1950, was not within the ten days fixed by statute in which such notice could be given, this court is without jurisdiction to consider the attempted appeal.

In addition to the foregoing, the city included within their motion to dismiss the appeal the further additional fact that counsel for defendant failed to make and serve a case-made within the time allowed by the court or within any valid extension of time. The record discloses that on November 13, 1950, the county court granted the defendant an extension of thirty days from November 13, 1950, in which to make and serve the case-made. The case-made was not prepared and served within that period and on December 14, 1950, a further extension of thirty days was granted to the defendant to make and serve the case-made. At the time the extension was granted by the court the thirty days time, previously granted by the court in which to make and serve the case-made, had expired. In May v. State, supra, it was stated:

"In the motion to strike the case-made the state further alleges that an order of the court made on February 13, 1937, was void, and the case-made served on March 16, 1937, was a nullity. The allowance of time to make and serve case-made expired February 12, 1937 (section 22, O. S. 1931 [12 Okla. St. Ann. § 73]; Hawkins v. State, 5 Okla. Cr. 276, 114 P. 356), without the case-made having been served and without an order of extension having been made. On February 13, 1937, the thirty-first day an order of extension was made. No attempt was made to comply with the provisions of the latter part of section 538, O. S. 1931 (12 Okla. St. Ann. § 962), where in case of accident or misfortune which could not reasonably be avoided by the party appealing, the court or judge may make an order extending the time after expiration of the date fixed in the previous order. Unless this provision of the law is complied with, any order made after the expiration of the original time allowed is a nullity, and the case-made served under the authority of such an invalid order will not give this court jurisdiction. The purported case-made does not show to have been filed in the court below. The motion to strike case-made is well taken.

"It is, of course, clear that if the order of extension be made one day after the time originally allowed, it may be made any number of days after the time fixed by law for taking an appeal. Under our statute an appeal to the Criminal Court of Appeals may be taken by the defendant as a matter of right from any judgment rendered against him, but the manner or time in perfecting such an appeal is a proper matter for legislative control, and the appeal must be taken in the manner prescribed by the statute. A case-made not having been served within the time originally allowed, nor within the time fixed in any valid extension of time was served too late. Welch v. State, 38 Okla. Cr. 300, 260 P. 787."

It is unnecessary for us to consider the second assignment of error for the reason that it is discretionary with this court, under the circumstances relied upon for dismissal of the appeal set forth in the second proposition concerning the absence of the accused from the state, as to whether we shall proceed to a decision of the case or to dismiss the appeal. Under the circumstances here presented, if we were permitted to do so we would retain jurisdiction of this cause and consider the appeal on its merits. However because of the matters heerinabove discussed, it is apparent the Criminal Court of Appeals is without jurisdiction to hear and determine the appeal on its merits. The appeal is therefore dismissed.

BRETT, P. J., and POWELL, J., concur.