**In the Matter of the Habeas Corpus of Anglo ALEXANDER.**

No. A–12159.

Criminal Court of Appeals of Oklahoma.

Feb. 16, 1955.

H. M. Redwine, Oklahoma City, for petitioner.

Granville Scanland, Co. Atty., Oklahoma County, John M. McPherren, Asst. County Atty., Oklahoma County, Oklahoma City, for respondent.

JONES, Presiding Judge.

This is an original action by Anglo Alexander for the purpose of being admitted to bail on a charge of murder pending against him in the District Court of Oklahoma County.

This cause was submitted to this court upon a certified transcript of the testimony taken at the preliminary examination before the committing magistrate and also a certified transcript of the testimony of the petitioner in his application for bail in the District Court of Oklahoma County.

It is established law that in a capital case the accused is entitled to bail unless the proof is evident or the presumption thereof great that the petitioner is guilty as charged. 22 O.S.1951 § 1102, Wilson v. State, 92 Okl.Cr. 388, 223 P.2d 561; Ex parte Taylor, 93 Okl.Cr. 25, 224 P.2d 611.

Petitioner was a porter at the Marquette Hotel in Oklahoma City and the deceased, Warren Finn, was the manager of said hotel. The proof before us showed that the accused had been drinking and had been ordered by the deceased to leave the hotel. The accused was in a bad mood as he testified that he had taken the pistol which he used in killing Finn out of a hotel guest's dresser drawer two or three hours previous to this homicide for the purpose of killing or scaring one Ike Zamrzla who the accused said had "goosed" him in the lobby of the hotel. The proof showed that the deceased was at the cash register counting money preparatory to leaving the hotel when he was shot and killed by petitioner. We shall not undertake to give an extended résumé of the evidence as the case will have to be tried and we do not want to make any comment which might prejudice the accused at the trial. It is enough to state that the petitioner has not made a sufficient showing to entitle him to bail.

It is therefore ordered that the petition in habeas corpus in the nature of an application for bail be and the same is hereby denied.

BRETT and POWELL, JJ., concur.