Wayne COOPER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12138.

Criminal Court of Appeals of Oklahoma.

May 25, 1955.

Wayne Cooper, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Wayne Cooper has filed in this court an instrument designated "Petition for Modification of Sentence".

It is alleged that on March 5, 1954 petitioner was convicted in case No. 4611–C, in the district court of Creek County, of the charge of child abandonment, and assessed a penalty of five years incarceration in the State Penitentiary, but that such judgment was suspended on condition that petitioner pay $90 per month child support. It is further alleged that on May 14, 1954 the suspended sentence was revoked and petitioner was committed to the Oklahoma State Penitentiary at McAlester, where he now is.

Petitioner sets out circumstances in his petition to show his inability to make the payments required by the terms of the order suspending his sentence, and also to justify failure to meet the terms of a divorce decree entered on June 20, 1952, wherein his wife was awarded a divorce by the district court of Creek County, and wherein he was directed to pay $90 per month toward the support of his children. He admits that he only partially complied. It is stated in his petition: "Since six (6) months have not elapsed since petitioner was sentenced, petitioner contends that this Honorable Court has jurisdiction to review and to modify petitioner's sentence."

▪ Appeals to the Criminal Court of Appeals are governed by the provisions of Tit. 22 O.S.1951 §§ 1059 and 1060. And while the defendant has the right to appeal, the manner of taking it is subject to legislative control; and hence a failure to comply with the law relating thereto will be fatal to the appeal. Dobbs v. State, 5 Okl.Cr. 475, 114 P. 358, 115 P. 370.

The petitioner failed to take any steps, so far as we can discover from the petition herein filed, to perfect an appeal to this court from the judgment now complained of.

▪ In order for this court to determine whether or not petitioner would be entitled to the relief that he seeks, it would be necessary that the evidence produced at the trial and the records of the trial court be examined, and this can be done only where there has been a proper appeal by petition in error and casemade. An appeal by transcript would present only the record proper enumerated by Tit. 22 O.S.1951 § 977, which would be insufficient.

▪ If we should treat the petition filed as a petition for a writ of habeas corpus, even that would avail petitioner nothing, because the scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. Ex parte Robnett, 69 Okl.Cr. 235, 101 P.2d 645.

▪ Under the existing situation, petitioner's only avenue for relief is through the Pardon and Parole Board, and no doubt petitioner's only hope there would be in presenting some convincing plan whereby he would be able to perform his duties to his children.

▪ At all events, this court does not under the state of the record, have jurisdiction to consider the petition presented, even if treated as a petition in error. As held in Thurmond v. State, 45 Okl.Cr. 347, 283 P. 271, an appeal from a felony conviction by petition in error without casemade or transcript will be dismissed. See also Smith v. State, 20 Okl.Cr. 123, 201 P. 661; Jordan v. State, 96 Okl.Cr. 343, 255 P.2d 295; May v. State, 63 Okl.Cr. 165, 73 P.2d

875; Hoofer v. State, 82 Okl.Cr. 237, 164 P.2d 247, 168 P.2d 313; Patton v. State, 60 Okl.Cr. 409, 64 P.2d 1245.

The attempted appeal raises no question reviewable by either method of appeal, and the attempted appeal must be and hereby is dismissed.

JONES, P. J., and BRETT, J., concur.