Helen Margaret **HUDSON**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12192.

Criminal Court of Appeals of Oklahoma.

Nov. 2, 1955.

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The Attorney General filed a motion to dismiss the purported appeal of Helen Margaret Hudson on two grounds: 1. The appeal was not filed within the time fixed by law. 2. Notice of intention to appeal was not given within the time fixed by law.

The motion to dismiss the appeal was regularly set for hearing and due notice given to the interested parties. No response was filed to the motion and no appearance was made on behalf of the accused at the time of the hearing.

We are very hesitant about dismissing an appeal and would much prefer that the cases would be decided on their merits. However, before this court acquires jurisdiction to determine an appeal, there must be a substantial compliance with the statutes fixing the times within which a notice of intention to appeal must be given and the time within which an appeal may be filed. 22 O.S.1951 § 1054; 22 O.S.1951 § 1055.

The casemade shows the accused was sentenced on December 18, 1954, by the trial court for unlawful transportation of whiskey. By statute the convicted person had ten days from the time the judgment and sentence was pronounced within which to give notice of intention to appeal. 22 O. S.1951 § 1055. Instead, she gave notice of such intention to appeal on March 12, 1955.

The present statute was adopted in 1941. Prior to the adoption of the present statute, the law provided for the service of a written notice of intention to appeal on the clerk of the court where the judgment was rendered and also upon the county attorney. The present statute was adopted to make it easier to perfect an appeal by providing that notice of intention to appeal could be given in open court at the time sentence was pronounced or within ten days thereafter. The statute further provides:

"Upon the giving of such notice and entering the same on the trial docket, all parties of record in the court from which such appeal is to be taken shall become parties to the appeal in the Criminal Court of Appeals and the notice of appeal regardless by whom given shall entitle either the defendant or the State to appeal within the time allowed by law and no further notice shall be required to be served upon either party in order to perfect an appeal * * *."

In Pantazos v. City of El Reno, 95 Okl.Cr. 276, 244 P.2d 1152, this court held:

"By statute it is provided that a party desiring to appeal to the Criminal Court of Appeals shall give notice of such appeal in open court either at the time the judgment is rendered or within ten days thereafter. 22 O.S.1951 § 1055.

"Appeal to Criminal Court of Appeals may be taken by defendant as matter of right from any judgment rendered against him, but manner of taking and perfecting appeal is proper matter for legislative control, and appeal must be taken in manner prescribed by law. * * *

"Appeal will be dismissed where record discloses that notice of appeal was given thirteen days after judgment was rendered and the case-made for the appeal was not prepared and served within the time allowed by the court or within any valid extension of time."

This being a conviction for a misdemeanor, the plaintiff in error had sixty days from and after December 18, 1954, within which to perfect an appeal to this court unless the time was extended by the trial court for a period not exceeding sixty days. No order extending the time within which to appeal to this court was ever made. The purported appeal was not filed until April 4, 1955, which was more than a month after the time within which the appeal could have been filed under the law had expired. The appeal not having been filed within the time fixed by statute does not confer jurisdiction on this court to consider the same and the purported appeal must be dismissed. 22 O.S.1951 § 1054, as amended in 1953. Lewis v. State, 90 Okl. Cr. 137, 211 P.2d 295; Loving v. State, 87 Okl.Cr. 150, 196 P.2d 519.

The purported appeal herein is dismissed and the trial court is directed to enforce its judgment and sentence.

BRETT and POWELL, JJ., concur.