Anglo ALEXANDER, Plaintiff In Error,

v.

STATE of Oklahoma, Defendant In Error.

No. A–12261.

Criminal Court of Appeals of Oklahoma.

Feb. 29, 1956.

Rehearing Denied Aug. 1, 1956.

See also 280 P.2d 758.

H. M. Redwine, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The Attorney General has filed a motion to dismiss the appeal of Anglo Alexander for the reason that notice of appeal was not given within the time required by statute, 22 O.S.1951 § 1055, and therefore the Crim-

inal Court of Appeals was without jurisdiction to entertain the appeal.

The record discloses that on March 24, 1955, the jury returned its verdict finding the defendant guilty of manslaughter in the first degree, but left the punishment to be fixed by the court. Sentence day was set for March 30, 1955. On March 30, 1955, the defendant was sentenced to serve a term of 40 years imprisonment in the penitentiary and he was transported to that institution to commence the serving of his sentence. The trial court gave the defendant an additional 30 days in which to file his motion for a new trial. Twenty-three days later, on April 23, 1955, a motion for new trial was filed. Thereafter, on May 5, 1955, an order was made overruling such motion for new trial. The defendant saved his exception to the order overruling the motion for new trial and gave notice in open court of his intention to appeal to the Criminal Court of Appeals and a 45-day extension of time was given in which to make and serve casemade.

By statute it is provided that a party desiring to appeal to the Criminal Court of Appeals shall give notice of such appeal in open court either at the time the judgment is rendered or within ten days thereafter. 22 O.S.1951 § 1055. Pantazos v. City of El Reno, 95 Okl.Cr. 276, 244 P.2d 1152.

█ It has been repeatedly held that an appeal to the Criminal Court of Appeals must be taken in the manner prescribed by statute and that notice of appeal made in the manner and within the time prescribed by statute is jurisdictional. May v. State, 63 Okl.Cr. 165, 73 P.2d 875; Patton v. State, 60 Okl.Cr. 409, 64 P.2d 1245; State v. Seidenbach, 73 Okl.Cr. 254, 120 P.2d 377, 120 P.2d 377; Pantazos v. City of El Reno, supra.

In Pantazos v. City of El Reno, supra, it was stated [95 Okl.Cr. 276, 244 P.2d 1153]:

"Since no notice of appeal was given in open court at the time judgment was rendered, and the actual notice of appeal which was served on counsel for the City of El Reno and filed with the court clerk on November 13, 1950, was not within the ten days fixed by statute in which such notice could be given, this court is without jurisdiction to consider the attempted appeal."

█ Counsel undoubtedly was confused with the procedure regulating appeals in civil and criminal cases as he was undertaking to appeal from the order overruling the motion for new trial, but in criminal cases the appeal is taken from the judgment and sentence and not from an order denying a motion for new trial. Linde v. State, 83 Okl.Cr. 365, 177 P.2d 527; Wyatt v. State, 81 Okl.Cr. 248, 162 P.2d 884; 22 O.S.1951 § 1054.

█ In Crawford v. State, 96 Okl.Cr. 208, 252 P.2d 180, 181, it was held:

"Under the provisions of Title 22, § 953, O.S.1941, application for new trial must be made before judgment is entered; provided, however, that the trial judge may for good cause shown allow such application to be made any time within 30 days after the entry of judgment; and where motion for new trial is made subsequent to a valid judgment and sentence, such motion does not have the effect of extending the time within which the appeal can be filed."

In Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228, this court stated:

"While an appeal may be taken by defendant as a matter of right from judgment of conviction, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory."

█ Although it is clearly apparent that this court is without jurisdiction to determine the appeal because of the failure to give notice of intention to appeal within 10 days after the judgment was rendered, we have read the entire record to see whether any fundamental rights of the accused were violated which would justify the court to grant him relief by habeas corpus. We have found none. The facts would have

justified a verdict of guilty of murder. The same facts proven at the trial were introduced before us on an application for bail and bail was denied because we were convinced that the defendant had shot the deceased while the defendant was in a drunken condition and the deceased, who was defendant's proprietor at the hotel where defendant was working, had his back and side to the defendant and did not even know that defendant was armed or was enraged at the deceased. See Ex parte Alexander, Okl.Cr., 280 P.2d 758.

The attempted appeal is dismissed.

BRETT and POWELL, JJ., concur.