Buster SIMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13298.

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1963.

Coy McKenzie and Justin Hinshaw, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

This is an attempted appeal by Buster Simpson, hereinafter referred to as defendant, who was charged by Information in the County Court of Cleveland County, Oklahoma, with the crime of "Operating a

Motor Vehicle While Under the Influence of Intoxicating Liquor". He was tried, found guilty, and punishment assessed at 10 days in the County Jail and $100.00 Fine.

Defendant lodged his appeal in this Court within the time prescribed by law, however, upon examination of the record, we find two occurrences which are fatal to considering the merits of this appeal.

 First, the time to make and serve case-made had expired. Judgment and sentence was pronounced on the 23rd day of July, 1962. Motion for new trial was filed and overruled under date of July 23, 1962, and defendant was granted 45 days in which to prepare and serve case-made. The 45 days expired on September 6, 1962. The casemade was not served on the County Attorney of Cleveland County until the 7th day of September, 1962. This Court held in Smith v. State, 362 P.2d 113:

> "Attempt to perfect appeal by serving, signing, and settling casemade, after expiration of statutory time or valid extension thereof, is a nullity."

Second, no Notice of Intention to Appeal was given in open court. After the judgment and sentence was rendered, counsel for defendant filed Motion for New Trial, but at no place in the record does he give his Notice of Intention to Appeal to the Court of Criminal Appeals.

> Title 22 O.S.A. § 1055, provides:
>
> "An appeal to obtain a reversal, vacation, or modification, shall be by petition in error filed in the Criminal Court of Appeals setting forth the error or errors complained of; no summons in error shall be required nor shall a waiver of summons in error be required and *the party desiring to appeal shall give notice in open court, either at the time judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Court of Criminal Appeals."*

In the case of Pantazos v. City of El Reno, 95 Okl.Cr. 276, 244 P.2d 1152, this Court said:

> "By statute it is provided that a party desiring to appeal to the Criminal Court of Appeals shall give notice of such appeal in open court either at the time the judgment is rendered or within ten days thereafter."

And, further, that:

> "Appeal will be dismissed where record discloses that notice of appeal was not given in sufficient time, nor casemade for the appeal was not prepared and served within the time allowed by the court or within any valid extension of time."

 Since the casemade was not served in time, and no notice of appeal was given in open court, nor in 10 days in accordance with the Statute, this Court is without jurisdiction to consider the attempted appeal, and it is hereby Dismissed.

BUSSEY, P. J., and JOHNSON, J., concur.