Sam E. BRAKE, Plaintiff in Error-Petitioner,

v.

The STATE of Oklahoma, Defendant in Error-Respondent.

No. A–13334.

Court of Criminal Appeals of Oklahoma.

March 13, 1963.

Sam E. Brake, McAlester, plaintiff in error-petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for plaintiff in error-respondent.

JOHNSON, Judge.

On January 7, 1963 Sam E. Brake, now confined in the State Penitentiary, without benefit of counsel filed in this Court an instrument labeled "Petition in Error", indicating that he was attempting to appeal from a judgment and sentence, which he states was rendered against him in the district court of Pottawatomie County at the October, 1962 term of such court, wherein he was sentenced to serve five years in the penitentiary on a conviction of second degree forgery.

■ We have often said that this Court is very liberal in construing petitions and other instruments filed by inmates of state institutions which are prepared without the advice and help of an attorney, as we realize there will be many cases where prisoners may have good grounds for petitioning this Court for relief and are unable to secure the assistance of an attorney because of their financial condition, or otherwise.

In those instances we give every reasonable inference that we can to such petitions to see whether the same are sufficient to justify a hearing upon the issues raised, if any. Ex parte Walker, 84 Okl.Cr. 190, 180 P.2d 670; Ex parte Lewis, 92 Okl.Cr. 334, 223 P.2d 143, and cases cited.

■■ The petition in error filed herein can not by any stretch of the imagination be considered as an appeal. The so-called petition is poorly drawn, and is not accompanied by a casemade or transcript. There is nothing in the pleadings before us to indicate that the petitioner took any steps to perfect an appeal to this Court from the judgment of which he now complains.

■ The laws of the State of Oklahoma grant to all persons convicted of crime the right of appeal, but the manner of taking an appeal is provided by statute, and the provisions thereof are mandatory. Hence a failure to comply with the law will be fatal to the appeal. 22 O.S.1961 §§ 1059, 1060; Thurmond v. State, 45 Okl.Cr. 347, 283 P. 271; Cooper v. State, Okl.Cr., 284 P.2d 750.

On January 28, 1963 Sam E. Brake filed in "Case No. A–13334, In re Habeas Corpus of Sam E. Brake" what he termed "Brief of Petitioner."

■ If we should treat the petition filed on January 7, 1963 as a petition for writ of habeas corpus, even that would avail petitioner nothing, because the scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. In re Richardson, Okl.Cr., 283 P.2d 855; In re Smith, Okl.Cr., 339 P.2d 796, and numerous other cases.

Under the existing situation this Court does not have jurisdiction to consider the petition presented either as a petition in error on appeal, or as a petition for writ of habeas corpus. The pleadings filed raise no question reviewable either by appeal or habeas corpus.

The Attorney General has filed a motion to dismiss, and the motion must be and is sustained.

The case is dismissed.