Sanford Steave PLEASANT, Petitioner,

v.

The STATE of Oklahoma, and The District Court of Tulsa County, Respondents.

No. A-13366.

Court of Criminal Appeals of Oklahoma.

April 17, 1963.

Sanford Steave Pleasant, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Ted Flanagan, Asst. Co. Atty. for Tulsa County, for respondents.

BUSSEY, Judge.

This is an original proceeding in which the petitioner, Sanford Steave Pleasant, an inmate of the Oklahoma State Penitentiary, seeks an order of this Court directing the District Court of Tulsa County, Oklahoma to prepare a casemade at public expense.

From the record before this Court, it appears that the petitioner was charged with the Crime of Uttering a Forged Instrument, After Former Conviction of a Felony, in District Court Case No. 19786, and was tried by a jury, who returned a verdict of guilty, leaving the assessment of punishment to the court's discretion. On the 18th day of January, 1963, petitioner was sentenced by the court to a term of Twelve

(12) Years in the Oklahoma State Penitentiary.

Subsequently, two motions were mailed by the petitioner to the District Judge in and for Tulsa County; (1) A Motion for a New Trial, dated March 6th and (2) A Motion to Proceed in Forma Pauperis, dated March 12th. Both motions were considered by the District Court, and denied.

■ The length of time in which an accused may give notice of appeal is set by statute (22 O.S.A. § 1055) which provides that a party desiring to appeal to the Court of Criminal Appeals shall give notice of such appeal in open court either at the time judgment is rendered or within ten days thereafter. (Simpson v. State, Okl.Cr., 378 P.2d 1014).

■ The motion for new trial in this cause was filed after the time set by statute, therefore, this Court is without jurisdiction to order the issuance of a case made at public expense.

Further, in his Motion to Proceed in Forma Pauperis, addressed to the District Court, petitioner merely states " * * * due to my poverty I am unable to pay for the records or case made in case No. 19,-786."

■ This Court has repeatedly held that "An application for case made, forma pauperis, should be accompanied by supporting proof of poverty." Miller v. State, Okl.Cr., 379 P.2d 708.

"Where petitioner for case made forma pauperis alleged that he had no funds for appeal, but did not categorically state that he had no relatives or friends from whom he could get money to pay for a record, and did not allege that his trial counsel could not state evidence from memory in narrative form, trial court did not, under the circumstances, abuse its discretion in refusing to order record for appeal at expense of county." Stokes v. State, Okl.Cr., 355 P.2d 1005; Petition of Enslanger, Okl. Cr., 301 P.2d 372; Brogdon v. State, 38 Okl.Cr. 269, 260 P. 784.

Under the circumstances of this cause, where no motion for new trial or notice of appeal is given within the statutory time, and where the application for forma pauperis case made contains no supporting proof of poverty, this Court will not set aside the rulings of the trial court and issue a Writ of Mandamus.

In the opinion of the Court, for the reasons above set forth, the Writ prayed for is hereby, denied.

Writ denied.

NIX, J., and JOHNSON, J., concur.