Application of Jessie WILLIAMS, Jr., for Writ of Mandamus.

No. A–13454.

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1964.

Jessie Williams, Jr., pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge. '

Petitioner, Jessie Williams, Jr., #68677, who is an inmate of the State Penitentiary, serving a sentence rendered in the district court of Tulsa County, filed his application herein seeking an order of this Court directing the District Court of Tulsa County to prepare and furnish petitioner a record, or casemade.

Petitioner files his application without the services of an attorney, and states that it is his intention to appeal, and that such papers are a necessary part of his proposed appeal. We are treating his application as a petition for writ of mandamus for casemade or transcript.

No part of the record is attached to the petition, and no evidence has been submitted. Petitioner asks for a "true and authenticated copy of the transcript in case No. 20015 in which the State of Oklahoma v. Jessie Williams, Jr. on the 5th day of June, 1963." He does not state whether the charge was filed June 5, 1963, or that was the date of the judgment and sentence. He does state that he has been an inmate of the penitentiary since June 14, 1963. He does not state the length of his sentence, nor the crime for which he was convicted. We assume that the judgment and sentence was entered shortly before June 14, 1963.

█ In June, 1963 a defendant in a felony case had three months within which to perfect an appeal, provided the proper notice of intention to appeal had been given. The statute in effect on that date, Title 22 O.S.A. § 1054, providing, in part:

"In felony cases the appeal must be taken within three (3) months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

This statute was amended in 1963, and now reads:

"In felony cases the appeal must be taken within three (3) months after the judgment is rendered; Provided, however, in felony cases the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding six (6) months from the date of judgment."

█ This later amendment did not become effective until September 13, 1963, and judgment and sentence in petitioner's case having been entered in June, 1963 his petition for casemade or transcript filed November 6, 1963, came too late, time for filing his appeal having already expired. Shelton v. State, Okl.Cr., 375 P.2d 167; Pantazos v. City of El Reno, 95 Okl.Cr. 276, 244 P.2d 1152; Woods v. State, Okl.Cr., 346 P.2d 950.

There is no statute in this State that permits this Court to issue an order requiring a district court to furnish a transcript or casemade after the time for taking an appeal has expired. Shelton v. State, supra; Application of Miller, 87 Okl.Cr. 423, 198 P.2d 755; Harrison v. State, Okl. Cr., 373 P.2d 1020.

Since the application herein was not timely filed, and this Court would have no jurisdiction to consider an appeal if one were lodged at this time, the application filed by petitioner must be and hereby is denied.

BUSSEY and NIX, JJ., concur.