**Riley M. JONES, Petitioner,**

v.

**Hon. Raymond W. GRAHAM, Judge of the District Court, Tulsa County, Oklahoma, Respondent.**

**No. A–13569.**

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1964.

Riley M. Jones, pro se.

David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondent.

JOHNSON, Presiding Judge:

Petitioner, Riley M. Jones, on August 13, 1964, without aid of counsel, filed in this Court his petition for writ of mandamus to require the Hon. Raymond W. Graham, Judge of the District Court of Tulsa County, Oklahoma, to order a casemade pre-. pared for petitioner at the expense of Tulsa County.

Petitioner does not show the date of the judgment and sentence rendered against

him, but attaches copy of a purported "motion for leave to withdraw plea of guilty and/or new trial", and copy of a "motion for leave to proceed in forma pauperis." The dates the same were filed are not shown by his petition.

A response has been filed by the Respondent, wherein it is shown that information was filed in the district court of Tulsa County on March 13, 1964, charging this petitioner with "burglary of a coin-operated machine", to-wit, a parking meter, after former conviction of a felony. That defendant was arraigned on March 18, 1964, waived further time to plead and entered a plea of not guilty. The records show that the defendant was represented by counsel throughout the case. The case was set for trial for May 8, 1964 and passed until May 11th. On that date the case was called for trial, a jury empaneled, opening statement made, witnesses sworn, evidence heard, and the court recessed until the following morning. That on the morning of May 12, 1964, this petitioner, appearing in court with his attorney, announced to the court that he desired to withdraw his plea of not guilty, and enter a plea of guilty. That the court, having heard the testimony of State's witnesses, police officers who were eye-witnesses to the burglary of the parking meter by the defendant and his brother, and arrested the defendant near the scene and found a parking meter key and $16.01 in pennies, nickels and dimes in his possession, accepted his plea of guilty. That after the defendant in said cause entered his plea of guilty he waived time for sentencing, and was sentenced to a term of three years in the State penitentiary. That the defendant was advised of his right to appeal, but gave no notice of intention to appeal, did not request time to prepare and serve casemade, and did not request that an appeal bond be set.

The Respondent further shows that motion for leave to proceed in forma pauperis, and "motion for leave to withdraw plea of guilty and/or new trial" were filed on June 24, 1964. That counsel for defendant was in court at the time said motions were presented. The trial court made a finding that since no extension of time had been asked or granted for defendant to make and serve casemade, the statutory time therefor applied, and the time for requesting the same had expired, and the trial court found that it would be useless to order a casemade forma pauperis, and overruled the motions.

This Court has repeatedly held that while an appeal may be taken by a defendant as a matter of right from a judgment of conviction in a criminal case, the manner of taking and perfecting such appeal is a proper matter of legislative control, and the statutes prescribing the manner in which an appeal can be taken are mandatory. Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228; Pantazos v. City of El Reno, 95 Okl.Cr. 276, 244 P.2d 1152; Cooper v. State, Okl. Cr., 284 P.2d 750.

Title 22 O.S.A. § 1055 provides the manner of taking an appeal and states that the party desiring to appeal shall give notice in open court, either at the time judgment is rendered or within ten days thereafter of his intention to appeal to the Court of Criminal Appeals; and § 1054 of said title provides: "In felony cases, the appeal must be taken within three (3) months after the judgment is rendered; Provided, however, in felony cases the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding six (6) months from the date of judgment."

The petitioner herein, according to the records before us, having been charged as a second or subsequent offender (after former conviction of a felony) was not entirely without court-room experience. He was represented by counsel throughout his trial, and voluntarily withdrew his plea of not guilty and entered a plea of guilty to the charge against him.

Having failed to give proper notice of his intention to appeal within the time provided by statute, this Court would be without jurisdiction to consider an ap-

peal, if filed, and for that reason can see no cause to issue the writ directing a case-made or record to be prepared for the petitioner at public expense. See McCullough v. State, 2 Okl.Cr. 717, 103 P. 1071; State v. Seidenbach, 73 Okl.Cr. 254, 120 P.2d 377; Alexander v. State, Okl.Cr. 299 P.2d 544; Pleasant v. State, Okl.Cr., 381 P.2d 182.

The petition for writ of mandamus requiring casemade to be furnished petitioner at public expense is denied.

BUSSEY and NIX, JJ., concur.