Donald Eugene SPARKS and Glen Cunningham, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error (two cases).

Nos. A–13528, A–13529.

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1965.

Thomas G. Hanlon, Tulsa, for plaintiffs in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from the district court of Tulsa County, from a sentence for second degree burglary. The petition in error alleges that the sentence imposed on the plaintiffs in error, hereinafter referred to as the defendants, was excessive; and that the appeal is attempted under Title 12, Section 956 of the Oklahoma Statutes. The Attorney General, on behalf of the State of Oklahoma, has filed a demurrer and motion to dismiss.

This matter was set for oral argument on September 30, 1964, at which time no appearance was made, and no brief had been filed by the defendants' attorney. It was again set for oral argument on January 20, 1965, at which time no appearance was made, and no brief had been filed for the defendants.

It has long been held by this Court, by numerous decisions, that the manner of appeal from a felony conviction is subject to legislative control. Title 12, Section 956, Oklahoma Statutes, pertains to appeals to the Supreme Court, State of Oklahoma, in civil matters. As stated in Cooper v. State, Okl.Cr., 284 P.2d 750:

"Appeals to the Court of Criminal Appeals are governed by the provisions of Title 22, O.S.1951 §§ 1059 and 1060. And while the defendant has the right to appeal, the manner of taking it is subject to legislative control; and hence a failure to comply with the law relating thereto will be fatal."

This was most recently restated in Brake v. State, Okl.Cr., 380 P.2d 95.

This Court does not, under the state of the record, have jurisdiction to consider the petition presented, even if treated as a petition in error. Specific statutes are set out in Title 22 O.S.A. governing the manner of appeals in criminal matters, to the Court of Criminal Appeals. A proper appeal from a felony conviction by petition in error without casemade or transcript will be dismissed.

Therefore, the Attorney General's demurrer and motion to dismiss is hereby sustained, and the attempted appeal is dismissed.

BUSSEY, P. J., concurs.

NIX, J., not participating.