Clarence D. TAYLOR, Petitioner,

v.

The STATE of Oklahoma and the District Court of Kiowa County, State of Oklahoma, Respondents.

No. A13650.

Court of Criminal Appeals of Oklahoma.

May 26, 1965.

Clarence D. Taylor, pro se.

Charles Nesbitt, Atty. Gen., Oklahoma City, Paul Braun, County Atty., Hobart, for respondents.

BUSSEY, Presiding Judge.

## MEMORANDUM OPINION

On the 15th day of March, 1965, there was filed in this Court an application for a writ of mandamus directing the Honorable Weldon Ferris, District Judge in and for Kiowa County, Oklahoma, to provide the petitioner, Clarence D. Taylor, with case-made of the trial proceedings in Kiowa Distict Court Case No. 2485–C wherein petitioner was charged, tried and convicted for the crime of murder and judgment and sentence was pronounced against him on December 1, 1964. Thereafter, a response was duly filed with affidavit attached, and this matter was submitted on the application, response and affidavit.

The undisputed facts are clearly and succinctly set forth in the affidavit of respondent, the Honorable Weldon Ferris. The affidavit is as follows:

"STATE OF OKLAHOMA ⎫
⎬ SS.
"JACKSON COUNTY ⎭
"AFFIDAVIT

"I, Weldon Ferris, being first duly sworn upon my oath to tell the truth, do depose and say:

"That I am the duly elected, qualified and acting District Judge of the Third Judicial District, State of Oklahoma. That the defendant, Clarence D. Taylor, was tried and convicted of murder in the District Court of Kiowa County, Oklahoma, on November 17, 1964, and that on December 1, 1964, said defendant was sentenced to a term of life in the Oklahoma State Penitentiary at McAlester, Oklahoma, in accordance with the jury's verdict. That on February 3, 1965, an application for case-made, forma pauperis, was filed in the Court Clerk's office of Kiowa County, Oklahoma, and that the application for casemade at the expense of the county was refused by the Court.

"That the defendant, Clarence D. Taylor, was represented by counsel of his own choosing at all stages of the proceedings in the District Court. That said defendant never indicated to the Court that he was indigent and without funds.

"That said defendant did not give notice of intent to appeal and did not file a motion for new trial. That on the day judgment was rendered, December 1, 1964, said defendant affirmatively stated that he did not intend to ask for a new trial and was ready for pronouncement of sentence.

"That said defendant never requested nor received from the Court an extension of time within which to prepare and serve the casemade.

"/s/   Weldon Ferris
Weldon Ferris
District Judge"

Upon the record before us we are of the opinion that the writ prayed for should be denied for the following reasons:

(a) No motion for new trial was ever filed prior to the rendition of judgment and sentence being expressly waived by the defendant (petitioner). Title 22 O.S. (1961) Sec. 953 provides:

"The application for a new trial must be made before judgment is entered;
*   *   *".

(b) The petitioner did not give notice of intention to appeal to the Court of Criminal Appeals within the time provided by law. Title 22 O.S. (1961) Sec. 1055 provides in part:

"An appeal to obtain a reversal, vacation, or modification, shall be by petition in error filed in the Criminal Court of Appeals setting forth the error or errors complained of; no summons in error shall be required nor shall a waiver of summons in error be required and the party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter, of his intentions to appeal to the Criminal Court of Appeals. * * *"

(c) A request for casemade at public expense was not filed with supporting proof of poverty within the time provided by law. Title 12 O.S. (1961) Sec. 958 provides in part:

"The case so made, or a copy thereof, shall, within fifteen days after the judgment or order is rendered, be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. The exceptions stated in a case-made shall have the same effect as if they had been reduced to writing, allowed and signed by the judge at the time they were taken. * * *"

We are of the opinion that the writ prayed for should be denied under the authority of Pleasant v. State, Okl.Cr., 381 P.2d 182, wherein this Court stated:

"Under the circumstances of this cause, where no motion for new trial or notice of appeal is given within the statutory time, and where the application for forma pauperis case made contains no supporting proof of poverty, this Court will not set aside the rulings of the trial court and issue a Writ of Mandamus."

Writ denied.

NIX and BRETT, JJ., concur.