Willis ZEUGIN, #69979, Petitioner,

v.

**DISTRICT COURT OF TULSA COUNTY,**
and The State of Oklahoma,
Respondents.

No. A–13703.

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1965.

Willis A. Zeugin, pro se.

David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondents.

BRETT, Judge.

Willis Zeugin, #69979, on May 24, 1965, filed his petition for writ of mandamus to require the district court of Tulsa County to furnish him a case made at public expense. Answer was duly filed by the Respondents.

Petitioner alleges that he entered a plea of guilty to a charge of robbery with firearms filed in the district court of Tulsa County on January 17, 1964, and was, on March 13, 1964, sentenced to serve eighteen years in the State Penitentiary.

The record before us shows that petitioner was represented at all times by Gordon Patton, an attorney of his choice. That on arraignment he entered a plea of not guilty, and his case was assigned for trial on the jury docket of the district court of Tulsa County for March 2, 1964. At that time defendant waived trial by jury, and the case was reassigned for March 13, 1964. On said date defendant was present with his attorney, withdrew his previous plea of not guilty, and entered a plea of guilty, waived time for sentencing, was forthwith sentenced to eighteen years in the State Penitentiary, and announced "no notice of appeal desired."

Application of petitioner for case made forma pauperis was filed in the district court of Tulsa County on April 23, 1965. The petition was not sufficient as to form, was not verified, and was denied.

■ This court has consistently held that an appeal may be taken by a defendant as a matter of right from a judgment of conviction, but the manner of taking and perfecting such appeal is a matter of legislative control, and the statutes prescribing the manner in which an appeal may be taken are mandatory. Madden v. State, 89 Okl.Cr. 203, 206 P.2d 244; Woods v. State, Okl.Cr., 346 P.2d 950; Hudson v. State, Okl.Cr., 290 P.2d 175; O'Donnell v. State, Okl.Cr., 397 P.2d 916.

■ Title 22 O.S.A. § 1054 provides:
"* * * In felony cases the appeal must be taken within six (6) months after the judgment is rendered, * *."
(This section of the statute was amended on May 19, 1965, with the emergency, but the amendment would not affect this case.)

■ And Title 22 O.S.A. § 1055 reads in part:
"* * * [T]he party desiring to appeal shall give notice in open court, either at the time the judgment is rendered, or within ten days thereafter of his intention to appeal to the Criminal Court of Appeals."
Motion for new trial was not filed in this case, and no attempt was made by petitioner to secure case made or perfect an appeal until more than thirteen months after the judgment was rendered.

■■ Under the circumstances of this case, where no motion for new trial or notice of intention to appeal was given, and where the application for case made at the expense of the county was not in proper form and not filed until after the time for filing an appeal had expired, this court will not set aside the rulings of the trial court and issue a writ of mandamus.

Writ denied.

BUSSEY, P. J., and NIX, J., concur.